[No. 6655.  Decided September 18, 1907.]

WILLIAM A. LIBERT, *Appellant*, v. FRED UNFRIED *et al.*,
*Respondents.*[1]

USURY—EXACTION OF BONUS—EVIDENCE—SUFFICIENCY.  Where a
note for $5,000 was given for money loaned and secured upon real
estate and by chattel mortgage on a flock of sheep purchased by
the borrower at the same time, the evidence sustains findings to the
effect that another note for $1,000, given by the borrower at the
same time, was a usurious exaction and bonus for the loan and
without consideration, where the testimony of the lender was to the
effect that, on the day the note was given, the parties entered into
an oral partnership to buy certain sheep, and go into the business of
raising sheep, that nothing was done thereunder but that in less
than an hour he sold out his interest in the firm and anticipated
profits for $1,000, for which the note in question was given, and im-
mediately thereafter made the $5,000 loan with which the sheep were
purchased; the borrower denying any such partnership and testify-
ing that the $1,000 was a bonus demanded for the loan.

[1]Reported in 91 Pac. 776.

USURY—PENALTIES AND FORFEITURE—NOTE FOR BONUS AS ACCRUED INTEREST. Under the statutes limiting legal interest to twelve per cent, and providing that, in case of usury, the payee shall recover only the principal, less interest accrued, or less double the interest paid, the payee of a note for $5,000, with interest at 12 per cent, who exacted as a bonus for the loan another note for $1,000 with interest from maturity, has thereby contracted for usurious interest; and where suit was commenced on the $5,000 after maturity of the $1,000 note, the defendant is entitled to have credited on the note in suit the $1,000 note and all interest accrued thereon, as usurious interest exacted and accrued at the time suit was commenced; also double the amount of all interest paid, and the amount of all other interest accrued on the $5,000 note.

CHATTEL MORTGAGES—SHEEP—INCREASE. A chattel mortgage of "1,200 head of ewe sheep and their increase; 300 head of two-year-old wether sheep," does not include the clip of wool.

USURY—PENALTIES—COSTS—ATTORNEY'S FEES. Under the statute providing that in case of usury the defendant shall be entitled to costs, the plaintiff, upon being allowed recovery for principal, less penalties, is not entitled to attorney's fees or costs.

Appeal from a judgment of the superior court for Garfield county, Miller, J., entered August 29, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a chattel mortgage. Affirmed.

*Charles L. McDonald, Ben F. Tweedy*, and *Garrie W. Jewett*, for appellant.

*I. N. Smith* and *Gose & Kuykendall*, for respondents.

CROW, J.—This action was commenced by the plaintiff, William A. Libert, against the defendants, Fred Unfried and Sylvia Unfried, his wife, to foreclose a chattel mortgage. In the fall of 1905, the defendants were about to purchase a large flock of sheep from one Hamilton Gill, and the plaintiff loaned them $5,000 to pay the purchase price. To secure such loan, he took from the defendants three notes, dated October 23, 1905, one for $1,000 falling due June 15, 1906, one for $2,000 falling due June 15, 1907, and one for $2,000

falling due June 15, 1908, all bearing twelve per cent interest from date, and being secured by a mortgage on land in Garfield county and a chattel mortgage on the flock of sheep. About October 25, 1905, the defendant Fred Unfried executed and delivered to the plaintiff his additional unsecured note for $1,000, due March 15, 1906, with twelve per cent interest from maturity. The defendants claim this $1,000 note was required of them as a further exaction and extraordinary charge of interest for the use of the $5,000 loaned them by plaintiff. The plaintiff denies this, claiming that he sold to Fred Unfried a one-half interest in a partnership existing between himself and Unfried, and took the note as payment. The plaintiff alleged that the defendants had impaired his security by selling two hundred and sixty head of the sheep without his knowledge or consent, and that by reason thereof he had, at his option, declared the secured notes to be due and payable. Upon plaintiff's *ex parte* application the trial court, on April 19, 1906, appointed one Owsley receiver of the mortgaged sheep, and directed him to take immediate possession and hold the same pending the foreclosure proceedings. Upon motion of the defendants, this order was afterwards vacated, and from such interlocutory order of vacation the plaintiff prosecuted a preliminary appeal to this court, which we have dismissed on this date, in cause No. 6427, *ante* p. 182, 91 Pac. 774.

The record on this present appeal shows that, on the appeal from the interlocutory order, the plaintiff gave a supersedeas bond; that under such bond Owsley has continued in possession of the sheep, that he has clipped a large amount of wool; that he has turned the proceeds thereof into the custody of the clerk of the superior court; that the plaintiff claims a lien on this wool under his chattel mortgage, and that the defendants claim they are entitled to the wool or the proceeds of its sale, free from any lien. Upon trial the court made findings from which, with others, the following facts appear:  That the defendant Fred Unfried had violated the

terms of the chattel mortgage by selling certain of the sheep without plaintiff's knowledge or consent; that $435.60, a portion of the proceeds of such sale, was paid to plaintiff on November 24, 1905, $50 being applied on account of interest and $385.60 on the principal of his notes; that the unsecured note for $1,000 dated October 25, 1905, executed by Fred Unfried, was without consideration except that it was given as an exaction of the plaintiff made upon the defendant Fred Unfried for the loan of $5,000, evidenced by the three secured notes, and that the chattel mortgage does not cover the clip of wool from the sheep. The court also stated the following conclusions of law:

"First: That the transaction set forth in plaintiff's complaint and in defendants' affirmative answer, arising out of the loan of defendants of the sum of five thousand ($5,000) dollars, and the exaction by plaintiff of the rate of interest specified in said notes, together with the further sum of one thousand ($1,000) dollars as a further and additional exaction for the use of said money, constitutes a usurious transaction and an unlawful charge for the loan of money by way of a premium which the plaintiff, William A. Libert, demanded and exacted of the defendant, Fred Unfried.

"Third: That by reason of the usurious nature of the loan and of the transaction set forth in this case, the plaintiff is not entitled to recover interest or attorney's fees or costs herein.

"Fourth: That defendants are entitled to the following credits on said five thousand dollar ($5,000) loan:

"(A) The sum of $1,000 as accrued usurious interest represented by the note.

"(B) The sum of $100 as being double the interest actually paid on November 24, 1905.

"(C) The sum of $385.60 as being payment on the principal of date of November 24, 1905.

"(D) The sum of $378.20 being the amount of unpaid accumulated interest on the $5,000 notes from November 24, 1905, to August 1, 1906, the date of decree.

"(E) The sum of $42 as being the amount of interest on the $1,000 note contracted for from date of maturity thereof (March 15, 1906) to August 1, 1906, date of decree.

"Fifth:    That the plaintiff is entitled to recover judgment against the defendants, Fred Unfried and Sylvia Unfried, for the sum of three thousand, ninety-four and 20-100 ($3,-094.20) dollars, without interest, attorney's fees or costs."

Upon these findings and conclusions, a final decree was entered, awarding plaintiff $3,094.20 debt, without attorney's fees or costs, and foreclosing the chattel mortgage upon the sheep, but not on the clip of wool.   The plaintiff has appealed.

There is a motion to dismiss the appeal, because (1) the notice of appeal is insufficient, and (2) the certificate of the trial judge to the statement of facts is defective.   We find no merit in either contention.   The motion to dismiss is denied.

By his assignments of error the appellant contends that the trial court erred, (1) in finding that the $1,000 unsecured note was part of an usurious contract and without other consideration; (2) in deducting excessive amounts as penalty for the usurious contract, if it be held usurious; (3) in holding that the clip of wool was not subject to the chattel mortgage lien, and (4) in refusing to award appellant attorney's fees or any costs.

The unsecured note for $1,000 and the three secured notes for $5,000 were, as we find from the evidence, parts of the same transaction.   The appellant claims that he and the respondent Fred Unfried entered into an oral contract to join in purchasing the sheep from Hamilton Gill; that the appellant was to advance the necessary funds to make the purchase; that the respondent Unfried was to care for the sheep, and that the two were to be partners in the sheep business. His evidence shows that the sheep were not jointly purchased; that he never paid any money on the alleged contract of partnership; that no papers were drawn, and that no partnership business was actually transacted.   In fact, according to appellant's testimony, nothing was done except the making of the oral agreement.   Appellant, however, contends that, within an hour or less time after the formation of the partnership,

the respondent Unfried purchased his interest in the firm and its anticipated profits for $1,000, giving his unsecured note in payment, and that immediately thereafter appellant made the $5,000 loan as an entirely separate transaction, thereby furnishing funds which enabled the respondent Fred Unfried to individually purchase the sheep from Hamilton Gill. The respondents contended, and Fred Unfried testified, that the appellant exacted the $1,000 note as a consideration or bonus for the $5,000 loan in addition to twelve per cent interest. The court found with the respondent on this issue, and we are satisfied with such finding, it being sustained by the evidence.

Pierce's Code, § 5701 (Bal. Code, § 3669), reads as follows:

"Any rate of interest not exceeding twelve (12) per centum per annum agreed to in writing by the parties to the contract, shall be legal, and no person shall directly or indirectly take or receive in money, goods or thing in action, or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or thing in action than twelve (12) per centum per annum."

As the appellant's three secured notes by their terms call for this maximum rate of interest, he was contracting not only for twelve per cent on the $5,000 actually loaned, but also for $1,000 in addition thereto, as compensation for such loan, which made the contract usurious. Pierce's Code, § 5706 (3 Bal. Code § 3671), provides:

"If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest."

Appellant's principal contention seems to be that the trial court should not have deducted the entire $1,000, the face of the unsecured note, as interest accruing on the $5,000 loan at the rate contracted for. He contends that the statute should be strictly construed as against the respondent; that only interest accrued at the date of judgment should be deducted, and that the $1,000 was not accrued interest. The trial court was right in its conclusion on this point. The $1,000 unsecured note by its terms had matured and, with $48 interest thereon, was due and payable at the time of the entry of final judgment herein. It had undoubtedly been given as compensation to appellant for the use of the $5,000, in addition to the maximum rate permitted by statute. Had it been paid by the respondents, appellant could not seriously contend that they would not be entitled to credit for twice the amount as interest paid. The evident purpose of § 3671, *supra*, was to compel the money lender who makes an usurious loan to credit his debtor with every dollar of accrued value which he has contracted to receive as compensation for the debtor's use of the money actually loaned. Under any fair interpretation, the $1,000 was past due interest, and being usurious interest was properly deducted from the appellant's claim. This is also true of the $378.20 additional interest which had matured on the $5,000 after the payment of November 24, 1905, and the $42 interest which had matured on the $1,000 note.

A proper construction of the chattel mortgage requires us to hold that it did not give appellant a lien on the clip of wool. The mortgage described "twelve hundred head of ewe sheep and their increase; three hundred head of two-year-old wether sheep." Appellant contends that the words "and their increase" applied to the yearly clip of wool. California has a statute reading as follows:

"Mortgages may be made upon the following personal property and none other: . . . Sixteenth. Neat cattle, horses, mules, swine, sheep, goats, and the increase thereof."

In *Alferitz v. Borwardt*, 126 Cal. 206, 58 Pac. 460, the supreme court held that the words "and the increase thereof," as applied to sheep in a chattel mortgage, did not include their wool, but their offspring only. *Stringfellow v. Sorrells*, 82 Tex. 277, 18 S. W. 689.

Considering the terms of appellant's mortgage, in the light of the evidence and all the surrounding circumstances, we construe the words "and their increase" to apply merely to the increase of lambs from the ewes. If it had meant wool, language definitely referring to the increase of wool from all the sheep would certainly have been used, and not language which excepted the wether sheep by referring only to the increase from the ewes. The evidence shows that at the time of the trial there had been an increase of about five hundred lambs, and the trial court properly held they were subject to the mortgage lien, and that the clip of wool was not.

The trial court did not err in refusing to allow appellant any attorney's fees or costs. The statute, Pierce's Code, § 5706, *supra*, provides that he shall recover only principal less certain deductions therein named, and that the defendant shall recover costs. If the appellant was only to recover a portion of his principal, he certainly was not entitled to recover any further sum, whether it be called attorney's fees or costs. We think the statute is not susceptible of any construction other than the one given it by the honorable trial court.

The judgment is affirmed.

HADLEY, C. J., RUDKIN, and MOUNT, JJ., concur.