[No. 15634.   Department One.   March 16, 1920.]

WESTERN LOAN AND BUILDING COMPANY, *Appellant,* v.
LEWIS P. LARSEN *et al., Respondents.*[1]

USURY (6)—INSTALLMENTS CONSTITUTING USURY. A note to secure $4,000 payable in eighty-one monthly payments of $72 each is usurious, as the recital of twelve per cent interest per annum is dominated by the amount required to be paid; and the interest must be computed by applying each monthly installment first on earned interest and the balance on the principal.

Appeal from a judgment of the superior court for Pend Oreille county, Carey, J., entered April 4, 1919, upon findings in favor of the defendants, in consolidated actions to foreclose mortgages, tried on the merits to the court. Affirmed.

[1]Reported in 188 Pac. 390.

*A. C. Clausen (James Ingebretsen,* of counsel), for appellant.

*Zent & Jesseph* and *Robertson, Miller & Robertson,* for respondents.

MITCHELL, J.—In each of these three cases appellant seeks to recover a balance due on a promissory note and to foreclose a mortgage upon real estate given to secure the note. The three cases were consolidated for trial in the court below, by stipulation, and in like manner have been submitted upon the appeals.

The only question presented is whether or not the contracts are tainted with usury. The trial court found they were usurious, and in each case entered a judgment according to the impositions provided by Rem. Code, § 6255.

In the first case the note is for $4,000, dated August 14, 1912, with interest at the rate of twelve per cent per annum, principal and interest payable in installments of $72 on the 16th day of each and every month, commencing with the month of August, 1912, until eighty-one payments shall have been made. Correctly understood, the note upon its face is inconsistent and deceptive; for, while it mentions the rate of twelve per cent per annum, it then specifically provides for the payment of principal and interest by the process of eighty-one monthly installments of $72 each, commencing on the second day after the date of the note. Figured by the rule which prevails in this state, the eighty-one payments as provided for in the note call for interest in a substantial amount in excess of twelve per cent per annum, the maximum allowed by the statute. Section 6251, Rem. Code, provides that any rate of interest not exceeding twelve per

cent per annum agreed to in writing shall be legal, and it further provides, no person shall directly or indirectly *take* or *receive* any greater interest or sum for a loan or the forbearance of money than twelve per cent per annum.

In the present case, that the recital in the note of twelve per cent per annum is dominated by the provision for eighty-one monthly payments of $72 each is shown by the fact that the total of the payments made by the respondents husband and wife, which were made from time to time down until May 16, 1916, were applied and credited upon the note by the latter plan. Thus it took place the appellant did take or receive more than twelve per cent per annum for a loan or the forbearance of money, in violation of the statute.

This was a single, long-time loan, to be paid by partial payments within a period of six years and nine months. Appellant's own proof shows that the plan by which the loan and interest were to be paid— eighty-one monthly payments of $72 each—contemplated that, at the date of each partial payment, interest for one month yet in the future was added to the amount otherwise due on the date of the payment, and from the sum of those two amounts, the partial payment was subtracted. But that is not the rule in this state. In the case of *Equitable Savings & Loan Ass'n v. Bowes,* 70 Wash. 169, 126 Pac. 436 (followed in *German Savings, Building & Loan Ass'n v. Leavens,* 89 Wash. 78, 153 Pac. 1092), it was declared to be the correct rule that each monthly installment should be first applied on the interest earned during the preceding month, then the remainder, if any, as a part payment on the principal.

What we have said as to the one case is applicable to the other two cases.

The judgments are affirmed.

HOLCOMB, C. J., MAIN, PARKER, and TOLMAN, JJ., concur.