[No. 16233. Department Two. March 15, 1921.]

J. J. MIESEN, *Respondent,* v. CARL MOTTER *et al., Appellants.*[1]

PAYMENT (28)—EVIDENCE—SUFFICIENCY. An eight hundred dollar payment upon a mortgage is not shown where it appears that the mortgagor had obtained more money at a bank on notes signed by the mortgagee and that the sum was paid and credited on the bank notes.

USURY (12)—COMMISSION OR BONUS TO AGENT. An agreement by a borrower to pay a bonus of $500, in consideration of the loan of $2,000, evidenced by a note for that sum, does not make such note usurious, under Rem. Code, § 6255, where the note did not provide for interest and said sum of $500 was never paid and is not claimed by the payee of the note.

MORTGAGES (7)—DEBTS SECURED. A receipt for a deed given to secure money loaned, reciting that it would be returned on payment of the money, "or any other money that is due me" shows that the deed was intended as security for any money that should be due.

SAME (242)—FORECLOSURE—ATTORNEY'S FEES—RIGHT TO WHEN NOT STIPULATED. Rem. Code, § 475, providing that, in mortgage foreclosures and other cases in which attorney's fees are allowed, no fee shall be fixed above the contract price, does not require attorney's

[1]Reported in 196 Pac. 659.

fees in all mortgage foreclosures; but means that, in all cases where they are allowed, they shall be fixed by the court; and if the note or mortgage does not provide for an attorney's fee, none can be allowed.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered July 6, 1920, upon findings in favor of the plaintiff, in an action to foreclose a deed intended as a mortgage, tried to the court. Modified.

*A. E. Rice,* for appellants.

*O. J. Albers,* for respondent.

MOUNT, J.—This action was brought to foreclose a deed which was in fact a mortgage given as security for money advanced by the plaintiff to the defendants. The trial resulted in a judgment for the plaintiff. The defendants have appealed.

The facts are as follows: The respondent, Mr. Miesen, and the appellant Mr. Motter were warm personal friends. Mr. Motter desired to construct a sawmill at Dupont, in Pierce county, but had no means to finance the same. His friend Mr. Miesen offered to help him finance the sawmill. Mr. Miesen did not have money of his own and applied to Edelmann Brothers for a loan of two thousand dollars. Edelmann Brothers agreed to lend Mr. Miesen the money with the understanding that one thousand five hundred dollars of it might be cash and the balance, five hundred dollars, would be forthcoming in a short time. This was satisfactory to Mr. Motter, who thereupon executed to Mr. Miesen a promissory note as follows:

"Chehalis, Wash., July 15th, 1918.

"Four months after date value received, I promise to pay to the order of J. J. Miesen two thousand dollars.          "(Signed) Carl Motter."

Two or three weeks later, Mr. Motter desired the balance of the two thousand dollars, which was deposited to his credit by Mr. Miesen. Thereafter Mr. Miesen went to Dupont where Mr. Motter was building the mill and Mr. Motter testified that, after the two of them had looked the proposition over, Mr. Miesen said to him:

" 'Here Motter, I am getting in pretty deep I have been acting kind of foolish about this, and I think you are entitled to secure me some way or another'. I told him I would give him a chattel mortgage on the mill outfit if he wanted it. He said 'No I don't want that'. I said 'I don't see how I could give you any thing else, unless I would give you a mortgage or some lien upon the home in Chehalis'. He said, if I felt that way I had better do so."

Thereupon Mr. Motter and wife made a quitclaim deed to Mr. Miesen for the home place in Chehalis. They also had a receipt prepared which, upon the delivery of the deed, was signed by Mr. Miesen as follows:

"Carl Motter,        Chehalis, Wash., Sept. 7th, 1918.
     "Dupont, Wash.
"Dear Sir:
"I acknowledge the receipt of a deed of even date to Lots 9 and 10 Block 10 Barretts add. to Chehalis, Wash., with consideration of $2,500. which I have loaned to you, the above deed having been signed by you and your wife.
"I will not record this deed for a period of six months from date and will return same to you upon the payment of this money or any other money that is due me.                    Yours truly
                              "J. J. Miesen."

A short time thereafter, Mr. Motter desired more money, and Mr. Miesen thereupon signed notes with Mr. Motter at the bank in Chehalis for two thousand five hundred dollars additional. These notes at the

bank were afterwards paid, and all but five hundred and twenty-five dollars and sixty cents was paid upon the two thousand dollar note hereinabove set forth. After receiving the deed, Mr. Miesen was obliged to pay one thousand two hundred and forty-one dollars and twenty-seven cents in satisfaction of a prior mortgage which had been foreclosed upon the property. Afterwards, on the 14th day of January, 1920, Mr. Miesen was also required to pay street assessments and delinquent taxes amounting to one thousand seven hundred and seventy-one dollars and twenty-five cents in order to protect the property. Thereafter, he brought this action to foreclose the deed in order to recover these several amounts.

The appellant contends, first, that the note for two thousand dollars has been fully paid. This contention is based upon a payment of eight hundred dollars which was made to Mr. Miesen by Mr. Motter. It is claimed this payment should have been credited upon the note for two thousand dollars. The evidence, we think, clearly shows that this eight hundred dollars was paid upon the notes to the bank and that Mr. Motter received the credit upon that account and was therefore not entitled to credit upon the amount of the two thousand dollar note to Mr. Miesen.

The appellant next contends that the loan was usurious because, at the time Mr. Miesen received the deed, he gave a receipt which stated that the deed was given "with consideration of two thousand five hundred dollars which I have loaned to you the above deed having been signed by you and your wife," when as a matter of fact Mr. Motter owed Mr. Miesen at that time but two thousand dollars. He testified, however, that at the time the two thousand dollar note was given he owed Mr. Miesen but one thousand five hundred dol-

lars; that the five hundred dollars additional was a bonus which Mr. Motter had promised to Mr. Miesen for financing him in building the mill. The trial court upon this question found as follows:

"That the said defendant Carl Motter voluntarily and orally agreed to pay to the plaintiff in consideration of the money loaned and services rendered in connection with the financing of the construction of said mill the sum of five hundred dollars ($500) but that said sum was never paid and is not claimed by the plaintiff."

We think the evidence clearly shows that the appellant promised to pay Mr. Miesen five hundred dollars as a bonus for his assistance in financing the mill and probably intended to do so at the time the promise was made, but there was no promise to pay this as interest and the fact is conclusively shown that it was never paid in any manner. The statute, at § 6255, Rem. Code, recites:

"If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for."

The original note given in this case did not provide for any interest. No interest was collected and the promise of five hundred dollars was not a promise of interest. It is plain from the evidence in the case that Mr. Motter never at any time has paid any part of the five hundred dollar bonus which he agreed to pay. We are of the opinion therefore that the note for two thousand dollars was not usurious.

Appellant further argues that an allowance of seventy-four dollars and seventy-five cents, which was owing

by the appellant to the respondent, was erroneously allowed by the trial court. But from the receipt given, it is plain that the parties intended that the deed should be security for any money due to Mr. Miesen from the appellant.

Upon the trial of the case the court found that Mr. Miesen had been in possession of the mortgaged property in Chehalis and that the rents due therefor amounted to $350; that Mr. Miesen had expended for repairs upon the house $42.40. The court undertook to deduct $42.40 from $350 and erroneously concluded that the balance was $207.60 when it should have been $307.60. The respondent concedes that this was an erroneous computation and that $100 should be deducted from the total amount of the judgment.

Appellant next argues that the court erred in allowing an attorney's fee of $500. We think there is merit in this contention. The statute at § 475, Rem. Code, provides:

"In all cases of foreclosure of mortgages and in all other cases in which attorneys' fees are allowed, the amount thereof shall be fixed by the court at such sum as the court shall deem reasonable, any stipulations in the note, mortgage or other instrument to the contrary notwithstanding; but in no case shall said fee be fixed above contract price stated in said note or contract."

Counsel for respondent relies upon the case of *Thayer v. Harbican*, 70 Wash. 278, 126 Pac. 625, and *Matson v. Frank*, 86 Wash. 669, 151 Pac. 89. Those were cases where the note or the mortgage provided for attorney's fees. In the latter of those cases we said:

"We are satisfied that, under our statute, it is the duty of the court, where an attorney's fee is provided for in either the note or the mortgage, to allow a reasonable attorney's fee to be taxed as costs upon the judgment."

We are of the opinion that the statute under consideration does not mean that in all cases of foreclosure of mortgages an attorney's fee shall be allowed, but means that in all cases of foreclosure of mortgage in which attorney's fees *are allowed* the amount thereof shall be fixed by the court. Whether an attorney's fee shall be allowed upon a mortgage foreclosure depends upon the contract. If the contract provides for an allowance for attorney's fees, then the court is authorized to fix the amount, but if the note or mortgage does not provide for attorney's fees, then no attorney's fees are to be allowed. For this reason, we are of the opinion that the court erred in allowing an attorney's fee of five hundred dollars.

The judgment appealed from is modified to the extent of reducing the judgment six hundred dollars. In all other respects, the judgment is affirmed with costs of this appeal to the appellant.

PARKER, C. J., and MITCHELL, J., concur.