[No. 21957.   Department One.   March 25, 1930.]

HOME SAVINGS & LOAN ASSOCIATION, *Plaintiff*, v.
SANITARY FISH COMPANY *et al.*, *Appellants*,
L. WALTER *et al.*, *Respondents and
Cross-appellants.*[1]

*Rummens & Griffin* and *C. J. Henderson,* for appellants.

*Roberts, Skeel & Holman* and *Elwood Hutcheson,* for respondents and cross-appellants.

BEALS, J.—This action was commenced by Home Savings & Loan Association, a corporation, which filed its complaint asking for judgment on a note and the foreclosure of a mortgage, naming as defendants Sanitary Fish Co., a corporation, and the Carrolls. Jacob Borish and L. Walter were later made additional parties defendant, and filed their answer and cross-complaint asking for judgment on a note of the defendant Sanitary Fish Co. and the foreclosure of a second mortgage given to secure the same.

No issue is raised here concerning the note and mortgage in favor of Home Savings & Loan Association, the judgment in favor of that corporation being apparently acquiesced in by all parties concerned. The defendants Sanitary Fish Co. and the Carrolls con-

tended that the Borish-Walter note was tainted with usury, and the trial court in its decree found that such was the case and made certain deductions from that note because of the usury which the court found inhered therein. The note was originally given for $3,-500, but before the trial Messrs. Borish and Walter filed a written disclaimer to any portion thereof in excess of $3,000, they admitting that in so far as they were concerned $3,000 was the limit of the indebtedness evidenced thereby. The trial court eliminated the $500 covered by this disclaimer and made certain further deductions from the remaining $3,000, holding that such deductions were required by the usury statute.

From the judgment entered in favor of Messrs. Borish and Walter, Sanitary Fish Co. and two of the other defendants have appealed upon the ground that the deductions made by the court because of the finding of usury were less in amount than they should have been, and Messrs. Borish and Walter have cross-appealed upon the ground that no deductions at all should have been made, save as to the amount eliminated by their disclaimer.

As the original plaintiff, Home Savings & Loan Association, is not concerned in this appeal, Messrs. Borish and Walter, defendants and cross-complainants below and cross-appellants here, will hereinafter in this opinion be referred to as plaintiffs, and defendants and appellants Sanitary Fish Co. and John D. Carroll and wife will be referred to as defendants.

Plaintiffs, in their cross-complaint, alleged that defendant Sanitary Fish Co., December 19, 1927, by its president and secretary, executed in favor of plaintiffs Borish and Walter a promissory note in the principal sum of $3,500, bearing interest at the rate of eight per cent per annum, payable in six installments,

the first five installments being each in the sum of $200, and the last, payable December 1, 1928, in the sum of $2,500; that the note provided that, if any installment thereof should not be paid when due, the whole sum of both principal and interest should become immediately due and collectible, and that this note was secured by a mortgage executed by Sanitary Fish Co. Plaintiffs prayed for judgment on the note and that the mortgage securing the same be foreclosed. Defendants, in their answer, admitted the execution of the note and mortgage, but denied the validity thereof; and, by way of an affirmative defense, pleaded that the actual loan made by plaintiffs to defendants for which the note in the sum of $3,500 was given, was, in fact, a loan in the sum of $3,000 and no more, out of which $3,000 defendants paid plaintiff's agent, as a part consideration for the loan, the sum of $175, and that the note as given was usurious and that, in so far as same was tainted with usury, defendants claimed relief against the same.

The trial court found that only $3,000 had actually been advanced and loaned by plaintiffs to defendants, but that the other items, aggregating $175, were not usury. The trial court deducted the $500, which it found to have been usuriously exacted from defendants (being the same $500 to which plaintiffs had disclaimed all interest prior to the trial) from the $3,500, the nominal principal of the note sued upon, computed interest on the note at eight per cent per annum, and deducted that amount from the $3,000, entering judgment on the note against defendants for the sum of $2,760.

Defendants contend that the court should have deducted the $500, which the court found had been usuriously exacted, from the actual loan of $3,000, and also that the court erred in refusing to deduct $75 of the

$175 paid by defendants, which $75 the defendants contend constituted a further usurious exaction.

Plaintiffs could not, of course, escape the consequences of a usurious contract by filing a disclaimer to the five hundred dollar bonus just prior to the trial. If the contract as and when made was in fact usurious, plaintiffs, upon that fact appearing under proper pleadings and by the preponderance of competent and sufficient evidence, are, upon the record in this case, liable to the penalties provided by statute.

The loan from plaintiffs to Sanitary Fish Co. (which will hereinafter be referred to as the company) was negotiated by one Samuel Freeman, who testified at the trial on plaintiff's behalf. His testimony was to the effect that one of defendant company's brokers, during the month of December, 1927, approached the witness on behalf of the company, stating that it desired a loan in the sum of $3,000, to be secured by a second mortgage, and that the company, being in great need of the money, was willing to pay $500 as a bonus to any one who would procure such a loan; it being the theory of plaintiffs that Mr. Freeman, in arranging the loan which was actually made, had included this $500 in the note executed by the company in favor of the plaintiffs.

Plaintiffs contend that no usury existed; that they are not responsible for what Mr. Freeman did and that in any event the company is estopped from urging the defense of usury. The trial court, by its judgment, found against plaintiffs upon all of these questions, and a careful reading of the record convinces us that its action as to these matters was correct.

Defendants contend that the evidence shows that Mr. Freeman was in fact one of the principals in the transaction, and that the note ran to plaintiff Jacob Borish as trustee for Mr. Freeman. Whether such was the

fact or whether Mr. Freeman was in law the agent of plaintiffs, we do not find it necessary to determine. In either case, under the circumstances disclosed by this record, plaintiffs are responsible, under Rem. Comp. Stat., § 7304, *infra,* for Mr. Freeman's acts. *Ridgway v. Davenport,* 37 Wash. 134, 79 Pac. 606; *Peter v. Boling,* 140 Wash. 466, 249 Pac. 776.

Plaintiffs cite the opinion of this court in the case of *Miesen v. Motter,* 115 Wash. 49, 196 Pac. 659, in which this court held that, under the facts disclosed by the record, an oral promise to pay $500 as a bonus did not render usurious a contract between the parties whereby Mr. Miesen loaned certain money to Mr. Motter. The finding of the trial court on this point, as quoted by this court in its opinion, is as follows:

"That the said defendant Carl Motter voluntarily and orally agreed to pay to the plaintiffs in consideration of the money loaned and services rendered in connection with the financing of the construction of said mill the sum of five hundred dollars ($500) but that said sum was never paid and is not claimed by the plaintiff."

It appeared that the original note given by the debtor Motter to the plaintiff Miesen was for $2,000 and that Motter received this amount in cash, $1,500 at or just before the note was signed and the balance of $500 two or three weeks later. This note called for no interest and was unsecured. Later Mr. and Mrs. Motter executed and delivered to Mr. Miesen a deed to their home in Chehalis, for which Mr. Miesen signed a receipt stating that the deed was security for "$2,500 which I have loaned to you." Later on Mr. Motter borrowed from the bank $2,500 more upon his notes indorsed by Mr. Miesen. The money due the bank was thereafter paid and the $2,000 note was paid all but $525.60. After receiving the deed to the real property,

Mr. Miesen paid a mortgage thereon, together with taxes and assessments, later bringing suit on the note for a balance due thereon in the sum of $525.60, for judgment for the other items disbursed by him, and praying that the deed be declared to be a mortgage securing the amount found to be due and foreclosed.

The defendant contended that the transaction was tainted with usury because, when Mr. Miesen received the deed, he gave a receipt stating that he had loaned Mr. Motter $2,500, when, as a matter of fact, at that time he had loaned only $2,000.

It was held that the transaction was not usurious, as the original note was clearly not tainted with usury, no interest had been collected and no attempt had ever been made to enforce any oral promise to pay a five hundred dollar bonus, nor had any portion thereof ever been paid. The action being founded upon the $2,000 note, it was properly held that the transaction was not usurious. The case was decided upon the peculiar state of facts presented by the record and is not controlling here.

Plaintiffs also cite the case of *Western Loan & Building Co. v. McGillivrae,* 141 Wash. 392, 251 Pac. 770. This was an action brought upon a promissory note executed in favor of a building company and to foreclose a mortgage given to secure the same; the defendants contended that the contract was tainted with usury, and sought to take advantage of the usury statute. The court said:

"The question, then, for determination is whether the contract here provided for more than twelve per cent or whether more than that amount of interest was received."

It was held that, while the plaintiff had at one time sought to exact more than the legal rate of interest, claiming that certain charges and penalties were due

under the note signed by defendants, these charges were never recognized by the borrowers, and that the note, as sought to be enforced by the plaintiff in the action and as construed according to law, was not usurious. The case is not in point upon the questions presented by the case at bar.

The evidence preponderates in favor of defendant's contention that the contract was usurious, and we are satisfied that plaintiffs' contention that defendants are estopped to urge that defense is not supported by the record.

We find no merit in the cross-appeal of plaintiffs and on their appeal the judgment is affirmed.

The questions presented by defendants' appeal require a construction of our usury law as comprised in Rem. Comp. Stat., §§ 7300 and 7304, which read as follows:

"Sec. 7300. Any rate of interest not exceeding twelve (12) per centum per annum agreed to in writing by the parties to the contract, shall be legal, and no person shall directly or indirectly take or receive in money, goods, or thing in action, or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or thing in action than twelve (12) per centum per annum."

"Sec. 7304. If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is

illegal interest contracted for by the transaction of any agent the principal shall be held thereby to the same extent as though he had acted in person. And where the same person acts as agent of the borrower and lender, he shall be deemed the agent of the lender for the purposes of this chapter.''

The trial court found that the note sued upon was usurious in that only $3,000 was actually loaned to defendants, while the note which they signed called for $3,500, together with interest on that sum at the rate of eight per cent per annum. The note was dated December 19, 1927, the final installment thereof falling due December 1, 1928, and the court having found that the $500 thereof not covered by cash advanced was an exaction for the loan in addition to the interest expressed, the note was clearly usurious. The principal question then is the construction to be placed upon Rem. Comp. Stat., §§ 7300 and 7304, *supra.*

In the case of *Libert v. Unfried,* 47 Wash. 186, 91 Pac. 776, this court affirmed a judgment of the superior court holding that a $1,000 note given in connection with three notes aggregating $5,000 representing that amount actually loaned, was a usurious exaction, and deducted the amount of the $1,000 note from the principal of the notes aggregating $5,000. In considering the questions presented by the appeal, this court said:

''The $1,000 unsecured note by its terms had matured and, with $48 interest thereon, was due and payable at the time of the entry of final judgment herein. It had undoubtedly been given as compensation to appellant for the use of the $5,000, in addition to the maximum rate permitted by statute. Had it been paid by the respondents, appellant could not seriously contend that they would not be entitled to credit for twice the amount as interest paid. The evident purpose of Bal. Code, § 3671, *supra* [Rem. Comp. Stat., § 7304] was to compel the money lender who makes an usurious

loan to credit his debtor with every dollar of accrued value which he has contracted to receive as compensation for the debtor's use of the money actually loaned. Under any fair interpretation, the $1,000 was past due interest, and being usurious interest was properly deducted from the appellant's claim.''

In the later case of *Inland Trading Co. v. Edgecombe,* 57 Wash. 257, 106 Pac. 768, this court held that a $500 note executed by the debtor constituted a usurious exaction and, the same having been paid, should be treated as interest on a $960 note (the note sued upon) and, under the statute must be doubled and deducted from the note upon which the action was based, completely extinguishing the debt.

Enlightened by these two opinions of this court, we hold that "the principal" referred to in § 7304, *supra,* means the actual principal of the loan as advanced by the creditor, or, in the case at bar, the $3,000 actually loaned by plaintiffs to defendant company. From this amount should be deducted any usurious exactions paid or provided for.

In the case at bar, the $500 represented interest contracted for or reserved within the purview of § 7304, and the trial court consequently erred in deducting this amount from the nominal principal specified in the note rather than from the true principal, or the amount actually loaned.

This construction of the statute will result in a more uniform application thereof to different usurious transactions, while the theory adopted by the trial court would result in the visiting of a comparatively light penalty upon a usurer making a contract, such as is presented by the facts of the case at bar; while, if a $500 bonus had been exacted in cash immediately after the delivery of the money loaned and the signing of the note therefor, twice that amount would have been

deducted from the actual principal advanced, which would result in the imposition of a much heavier penalty upon practically the same usurious transaction. In our opinion, the law contemplates the imposition upon the usurer of a penalty equal to the loss from his actual principal advanced, of all usurious interest or exactions provided for by the contract, or by some collateral agreement which is actually part of the transaction (as was the case in *Libert v. Unfried, supra*), but which he has not received in cash or its equivalent, while, as to any such interest, reservations or exactions which have actually been paid to him, double the amount thereof shall be deducted.

This construction of law makes the penalty equal in the two cases, as the deduction of twice the interest or bonus exacted, in cases where the same has been paid to the usurer, is the same as the deduction of the amount of such interest or unlawful exaction contracted for or reserved, but not paid, as when payment of usury has actually been made, the usurer has received the money, and the deduction of double the amount paid has the same result, as far as his loan is concerned, as the single deduction of interest or other exaction contracted for but not paid.

We see no good reason for the imposition by the legislature of a much greater penalty in cases where an unlawful exaction has been paid. The usury exists equally in the two cases, and in the absence of a clear intent on the part of the legislature to impose a much more severe penalty in the one case than in the other, which intent we do not find expressed in the statute, we construe the same as herein stated. Such an exaction as the five hundred dollar bonus included in the note given by appellant company stands upon exactly the same basis as an agreement to pay interest. It is, in fact, in contemplation of the law, interest "con-

tracted for or received or reserved." Whether the unlawful exaction be included within the nominal principal of the note given, or evidenced by another note, or some other contemporaneous writing, is immaterial. In such cases as this, the law has regard only for the actual facts, and searches for the real transaction between the parties, disregarding evasions, subterfuges and all kinds and varieties of camouflage.

It is also true that, under the construction of the law adopted by the trial court, a usurer could escape any severe penalty for the most outrageous usury, by including the usurious exaction in the nominal principal of the note. Suppose, for example, a loan of $3,000 should be made, for which the lender takes a note for twice that amount, or $6,000, payable in one year, without interest. If the law be construed in accordance with the contention of plaintiffs, in a suit upon this note, in which the grossly usurious nature of the transaction should be established, the plaintiff would nevertheless recover judgment for his $3,000, without any deduction therefrom whatsoever, save costs in a probably insignificant amount. In such a case, the usurer would run less risk by exacting an obligation for twice or more of the amount of the actual principal of his loan for the use of the money than he would run if he required interest at the rate of thirteen per cent per annum for the use thereof, and provided for interest at that rate in the note, because, if a note on its face bears thirteen per cent interest, the interest is to be deducted from the principal, while, according to plaintiffs' theory, if the usurious exaction is included in the nominal principal of the note, that exaction should simply be stricken out, without the imposition of any further penalty.

The trial court properly held that the contract in issue here was tainted with usury, and rightly de-

ducted from the $3,000 which was the actual principal of the note the interest therein contracted for at the rate of eight per cent per annum. Under the statute, there is no difference between this interest so deducted as a penalty and the five hundred dollar bonus, and both should have been deducted from the $3,000.

We find no error in the ruling of the trial court refusing to hold that the $75 paid by the company was usury.

The judgment of the trial court is reversed with instructions to enter a judgment in accordance with this opinion.

MITCHELL, C. J., PARKER, and MILLARD, JJ., concur.

TOLMAN, J. (concurring in the result)—The able argument by which the majority reaches its conclusion upon the vital question in this case does not carry conviction to my mind.

The purpose of our usury law is shown by Rem. Comp. Stat., § 7300, which permits contracting for and receiving interest up to twelve per cent per annum and forbids taking or receiving, directly or indirectly, any greater compensation for the use of money. Section 7304 is designed to carry out the policy announced in § 7300, and provides that, upon proof that a greater rate of interest has been taken or reserved, the holder of the note shall recover only the principal "less the amount of interest accruing thereon at the rate contracted for," and if interest shall have been paid, provides a penalty. This latter part of § 7304 we need not consider here, as no interest was paid.

Having in mind the common law right of freely contracting, and that, except for the statute, any rate of interest contracted for might be recovered, it is apparent that the statute must be strictly construed, notwithstanding the crying need for such an enactment.

Certainly no penalty should be applied except as the statute plainly directs.

It seems to me that the logical construction of the two sections taken together is that the greater rate of interest is forbidden, and if contracted for, but not actually paid, such contract is void, which would mean that, in any action on a usurious instrument, the illegal part of the instrument would be eliminated and the holder would recover on the contract the amount actually loaned. However, in the case of *Libert v. Unfried*, 47 Wash. 186, 91 Pac. 776, the court, without very much discussion, held that the amount of the usurious interest contracted for, but not paid, should be deducted from the money actually loaned. I do not feel at liberty to disregard that holding, notwithstanding my personal views as to the construction of the statute, and, feeling bound thereby, must concur in the holding that it is the law of this state that the usurious interest contracted for, though not paid, must be deducted from the amount actually loaned.