[No. 23527. Department One. May 2, 1932.]

H. C. JASON, *Appellant*, v. GEORGE SANDROS, *Respondent*.[1]

*Chas. E. Swan* and *G. E. Lovell*, for appellant.

*Richard S. Munter* and *Justin C. Maloney*, for respondent.

[1]Reported in 10 P. (2d) 995.

MITCHELL, J.—On January 31, 1930, the defendant, George Sandros, executed and delivered to the Spokane Security Finance Corporation his promissory note in the sum of $1,545, payable fifty dollars per month beginning February 15, 1930, for three months, seventy-five dollars per month for the next following two months, and the balance of both principal and interest on July 31, 1930, interest at eight per cent per annum until maturity, and at the rate of twelve per cent per annum after maturity until paid. At the same time, and to secure the payment of the note, Sandros executed and delivered to the corporation a chattel mortgage upon certain property. The Spokane Security Finance Corporation endorsed, assigned and delivered the note and mortgage to the plaintiff in this action, H. C. Jason, who, claiming to be a holder in due course, brought this action to recover judgment in the sum of $1,325 and interest as the balance alleged to be due on the note, and to foreclose the mortgage.

The defendant answered, admitting the execution and delivery of the note and mortgage, and denying other allegations of the complaint. By an affirmative defense, facts were alleged showing that the note was tainted with usury and that certain payments had been made on the note.

Upon the trial, the court found that the plaintiff was not a holder in due course. Other findings were in favor of the plaintiff, from which the court concluded and entered judgment in plaintiff's favor in the sum of $330.72, with costs to the *defendant,* and that plaintiff was entitled to foreclosure of the mortgage. Judgment was entered accordingly, from which the plaintiff has appealed.

Appellant makes no assignment of error, but we understand that no complaint is made of the judgment other than the alleged insufficiency of the amount of it.

The amount of the note given by the respondent was $1,545, according to the pleadings and findings. But the court found, according to a preponderance of the evidence, that the actual amount loaned to the respondent in consideration of the execution of the note and mortgage was $1,181.30, and that, since the execution and delivery of the note and mortgage, respondent has paid $300 on the principal and $52.85 on the interest, and that there is a balance of interest accrued and unpaid in the sum of $79.68 according to the terms of the note.

The statutes upon this subject are Rem. Comp. Stat., §§ 7300 and 7304, which read as follows:

"Sec. 7300. Any rate of interest not exceeding twelve (12) per centum per annum agreed to in writing by the parties to the contract shall be legal, and no person shall directly or indirectly take or receive in money, goods, or thing in action, or in any other way, any greater interest, sum or value for the loan or forbearance of any money, goods or thing in action than twelve (12) per centum per annum."

"Sec. 7304. If a greater rate of interest than is hereinbefore allowed shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal, less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is illegal interest contracted for by the transaction of any agent the principal shall be held thereby to the same extent as though he had acted in person. And where the same person acts as agent of

the borrower and lender, he shall be deemed the agent of the lender for the purposes of this chapter.''

■ The terms of the statutes applied to the present case lead to the following results:

(1) ''The principal'' from which deductions must be made is $1,181.30, that being the amount actually loaned for which the note in suit was given. *Home Savings & Loan Association v. Sanitary Fish Co.*, 156 Wash. 80, 286 Pac. 76; *Libert v. Unfried*, 47 Wash. 186, 91 Pac. 776.

(2) The difference between the principal, $1,181.30, and the amount of the note, $1,545, amounting to $363.70 (usurious interest contracted for though not paid), must be taken from the principal. *Home Savings & Loan Association v. Sanitary Fish Co.*, 156 Wash. 80, 286 Pac. 76; *Libert v. Unfried*, 47 Wash. 186, 91 Pac. 776.

(3) $300 paid on the principal; $105.70, being twice the amount of $52.85 interest paid; and $79.68, accrued unpaid interest according to the terms of the note, amounting to $485.38, must also be deducted from the principal.

The sum of all of these amounts, $849.08, deducted from the principal of $1,181.30, leaves $332.22, in which amount judgment should have been entered for the appellant, instead of $330.72, fixed by manifest inadvertence.

Affirmed, except the trial court will add $1.50 to the principal amount of the judgment upon motion of the appellant. Respondent will recover costs of the appeal.

Tolman, C. J., Parker, Herman, and Beeler, JJ., concur.