No. 36601.     Department Two.     August 15, 1963.]

H. P. CLAUSING et al., Respondents and Cross-appellants, v. VIRGINIA LEE HOMES, INC. et al., Appellants.*

*Reported in 384 P. (2d) 644.

*Lewis S. Armstrong* and *Caley & Armstrong* for appellants.

*George S. Cook* and *Cook, Flanagan & Berst* for respondents and cross-appellants.

WEAVER, J.—This is an action for judgment on a promissory note and for the foreclosure of a real estate and chattel mortgage. Defendants pleaded, and the court found, that the transaction was usurious.

After trial on the merits, the court entered judgment in favor of plaintiffs for $51,827.60, together with interest, and directed foreclosure of the mortgages.

There is a wide divergence between the claims of the parties. Defendants appeal, claiming that after the application of the statutory penalty for usury to the transaction, they have overpaid plaintiffs $729.99. Plaintiffs cross-appeal, contending they are entitled to judgment for a sum considerably larger than the trial court allowed.

The crux of the case is the application of RCW 19.52.030 to the facts of a complicated financial transaction. It is well to have the statute in mind before considering the facts.

"If a greater rate of interest than is hereinbefore allowed [12 per cent; RCW 19.52.020] shall be contracted for or received or reserved, the contract shall not, therefore, be void; but if in any action on such contract proof be made that greater rate of interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate contracted for, and the defendant shall recover costs; and if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; and the acts and dealings of an agent in loaning money shall bind the principal, and in all cases where there is illegal interest contracted for by the transaction of any agent the principal shall be held thereby to the same extent as though he had acted in person. And

where the same person acts as agent of the borrower and lender, he shall be deemed the agent of the lender for the purposes of this act."

Reduced to the lowest common denominator, a usurer can " . . . only recover the principal . . . " He is then *penalized* by the statute for the usury:

(a) " . . . the amount of interest accruing thereon at the rate contracted for, . . . " or

(b) " . . . if interest shall have been paid, judgment shall be for the principal less twice the amount of the interest paid, and less the amount of all accrued and unpaid interest; . . . "

(We will define terms later in this opinion.)

■ We are mindful that in cases involving alleged usury the law has regard only for the actual facts, and searches for the real transaction between the parties, disregarding evasions, subterfuges and all kinds and varieties of camouflage. *Home Sav. & Loan Ass'n v. Sanitary Fish Co.,* 156 Wash. 80, 286 Pac. 76 (1930).

The ultimate facts found by the trial court, and which we find supported by substantial evidence in the record, are these:

In 1959, defendants sought a mortgage loan through Pan Pacific Mortgage Company (hereafter referred to as "Pan Pacific"). Defendants paid Pan Pacific $700 and delivered a noninterest-bearing promissory note for $800, dated May 1, 1959, due April 30, 1960, as part of Pan Pacific's finder's fee.

Pan Pacific finally informed defendants " . . . they would see if they could loan the money themselves and take a mortgage on this property."

Defendants executed a promissory note for $67,500 dated April 30, 1959, bearing 5 per cent interest, payable in three installments totaling $70,973.75, the last installment due October 30, 1960. It was secured by the mortgages involved. Since Pan Pacific was actually acting for plaintiffs, these instruments, except the $800 promissory note, were later assigned to them. All instruments were placed in escrow with Pan Pacific. The trial court found:

" . . . Pan Pacific Mortgage Company was the agent of both the lender and the borrower for the purposes of making this loan and acted as Escrow Agent of both parties in the closing of the loan."

May 22, 1959 (designated by the trial judge as the first of "two important controlling dates"), plaintiffs informed Pan Pacific " . . . that all things had been specifically done in detail to the satisfaction of the plaintiffs."

May 22, 1959, defendants received a cash payment. Considering expenditures that had been previously made on defendants' behalf, the trial court determined that defendants received a gross amount of $57,700, which, for the purpose of computation, the court reduced to $56,200 by subtracting the $700 cash deposit and the $800 promissory note, deemed to be a cash payment.

The trial court concluded, and we agree, that the $67,500 promissory note, dated April 30, 1959, was tainted with usury.[1]

April 19, 1960, the parties entered into a written agreement changing the terms of payment of the $67,500 promissory note of April 30, 1959 and providing for a release of a parcel of land upon the payment of $10,000.

July 25, 1960 (designated by the trial court as the second of "two important controlling dates"), plaintiffs submitted to defendants, and they signed, a new promissory note for $67,500, dated April 30, 1959—the same date, the same amount, secured by the same mortgages, as the first promissory note of that date. The new note required seven installment payments totaling $71,242.70, the last installment being due May 31, 1962. Interest was reduced to 2.6 per cent per annum. The instant action is based upon this note.

The date and amount of the new note were fictitious. We deem it a subterfuge and camouflage sufficient to support the trial court's finding that

---

[1] The three installment payments of the note require a total payment of principal and interest of $70,973.75; 12 per cent maximum legal interest on $56,200 over the same period—1 year, 5 months, 8 days—is $9,703.84, or a true liability of $65,903.84.

" . . . The new contract of July 25, 1960 did not disinfect the indebtedness infected with usury existing in the original transaction and was not *a new, clean and different transaction. . . .*" (Italics ours.)

See *Richardson v. Foster,* 100 Wash. 57, 170 Pac. 321 (1918); *Celian v. Coast Finance Corp.,* 189 Wash. 676, 66 P. (2d) 363 (1937).

July 25, 1960, defendants paid plaintiffs $10,090 on their obligation in order to release a portion of the mortgaged property in accordance with the agreement of April 19, 1960.

It is not disputed that defendants are in default. The sole question is the amount plaintiffs may recover.

The following rules, established by statute and precedent, govern the accounting between plaintiffs and defendants.

■ A usurer is entitled to recover only the principal less the penalty for usury.

" . . . the law contemplates the imposition upon the usurer of a penalty equal to *the loss from his actual principal advanced,* of all usurious interest or exactions provided for by the contract, or . . . as to any such interest, reservations or exactions which have actually been paid to him, double the amount thereof shall be deducted." *Home Sav. & Loan Ass'n v. Sanitary Fish Co.,* 156 Wash. 80, 90, 286 Pac. 76. (1930). (Italics ours.)

The "principal" designated by RCW 19.52.030, quoted *supra,* from which the usury penalties must be deducted, is the amount *actually* loaned for which the promissory note was given. The difference between the principal actually loaned and the face of the usurious promissory note is "interest contracted for." *Jason v. Sandros,* 168 Wash. 87, 10 P. (2d) 995 (1932); *Home Sav. & Loan Ass'n v. Sanitary Fish Co., supra; Libert v. Unfried,* 47 Wash. 186, 91 Pac. 776 (1907). In the instant case, the principal is $56,200.

■ An obligation once usurious is always usurious so long as its original existence continues. *Richardson v. Foster,* 100 Wash. 57, 61, 170 Pac. 321 (1918). The consequence of a usurious contract cannot be escaped by disclaiming

the usurious portion thereof. *Home Sav. & Loan Ass'n v. Sanitary Fish Co., supra.*

Where the same person acts as agent of the borrower and lender, he is deemed the agent of the lender for the purpose of the usury statute. RCW 19.52.030.

■ Installment payments are applied first to payment of interest and the remainder, if any, applied to payment of principal. *Western Loan & Bldg. Co. v. Larsen,* 110 Wash. 213, 188 Pac. 390 (1920).

The defendants are entitled to the following credits on their original obligation of $56,200:

(a) The sum of $11,300 being the difference between the face of the promissory note of $67,500 and $56,200, the amount the court found defendants actually received on May 22, 1959;

(b) The sum of $3,433.82, being double the interest actually paid by defendants on July 25, 1960;[2]

(c) The sum of $8,373.09, being payment on the principal actually paid by defendants on July 25, 1960;[3]

(d) A sum equal to 2.6 per cent interest on $47,826.91[4] from July 25, 1960 to the date the remittitur is sent down in the instant case, being the unpaid accumulated interest upon the unpaid balance from July 25, 1960 to date this controversy is finally resolved. See *Peter v. Boling,* 144 Wash. 652, 258 Pac. 467 (1927).

The trial court did not err when it denied an allowance of attorney fees to plaintiff. *Libert v. Unfried, supra.*

■ Although there must be a modification of the judgment, it does not follow that the parties will be put to the expense of another trial for the modification is only a mathematical computation. Rule on Appeal 16, RCW Vol. 0, authorizes this court to direct entry of proper judgment, which, by this opinion, we do. This court, however, makes

---

[2] 2.6 per cent interest on $56,200 for one year, 2 months, 3 days (May 22, 1959 to July 25, 1960) is $1,716.91; doubled is $3,433.82. For a format of our conclusions, see *Libert v. Unfried,* 47 Wash. 186, 189, 91 Pac. 776 (1907).

[3] $10,090 payment less $1,716.91 interest paid.

[4] $56,200 less $8,373.09 payment on principal.

no claim to infallibility in its mathematics. If, upon presentment of a new judgment, our interest computations are found to be in error, the superior court is empowered to correct them within the ambit of the propositions we have set forth.

Defendants (appellants), having secured a substantial modification of the judgment, are allowed their costs on appeal.

The case is remanded with directions to enter judgment consistent with this opinion.

It is so ordered.

OTT, C. J., DONWORTH, HAMILTON, and HALE, JJ., concur.

October 11, 1963. Petition for rehearing denied.