[No. 39125.    Department One.    January 11, 1968.]

FINANCIAL COMMERCE, INC., *Respondent,* v. STUART P. McLEAN *et al., Appellants.*\*

\*Reported in 435 P.2d 932.

*Todd & Goodloe,* for appellants.

*Theodore E. Sampson,* for respondent.

ROSELLINI, J.—This action was brought to foreclose a real estate and a chattel mortgage given by the defendants to secure a loan made by the plaintiff. The promissory note evidencing the loan shows a principal amount of $7,942.46, payable in installments of $60 per month for 36 months, at the end of which time the balance is to become due and payable with interest thereafter at 12 per cent per annum. No interest is provided for the first 36 months. The note is payable to the order of the plaintiff. It provides that, if any installment is not paid, the whole sum of principal and interest shall become immediately due without notice and collectible at the option of the holder, and that the said principal sum and interest shall bear interest from such default until paid at the rate of 12 per cent per annum. It also provides for the payment of a reasonable attorney's fee.

The note is accompanied by a "receipt and agreement" acknowledging receipt of the proceeds, wherein the defendant agrees to pay a collector's fee in the event it becomes necessary to employ a collector in order to secure payment.

The trial court found that the defense of usury had been established.[1] It further found that the actual amount loaned

---

[1] The characteristics of the usurer are well described by Stewart Lynch in his booklet, "Prosecuting the Automobile Loan Shark Under the Federal Mail Fraud Statute," published by The Conference on Personal Finance Law in 1945. He states:

The etymology of the term "loan shark" is not difficult to understand. The piscivorous scavenger of the deep has its counterpart in the scavenger money-lender who preys upon indigent borrowers and exacts unlawful and unconscionable profits from that class of people who, as a result of limited financial resources is frequently in need of small loan credit.

The need for such credit is often based on emergency and misery. It has been estimated that prior to the war the average American family required financial assistance of some kind every two years. The loan shark has no regard for the disastrous economic

was $4,277.20. However, it did not find that all of the difference between that amount and the amount shown on the face of the note was usurious interest, but rather found that $1,210.46 of that amount represented a "refundable reserve" which was intended to be "returned" to the defendant in the event it was not used. A witness representing the plaintiff testified that its purpose was to cover expenses of insurance premiums and taxes on the mortgaged property in the event the defendant did not pay them and it became necessary for the plaintiff to pay them in order to protect its security.

The trial court refused to deduct this amount as usurious interest. It also refused to treat all of the interest provided for in the note as usurious interest. Instead it computed the amount of interest which would have accrued to the date of judgment, had the interest been provided for at a monthly rate. Using this computation, it deducted double the amount of interest paid plus the amount of interest accrued and unpaid.

The defendant has appealed, contending that the trial court erred in failing to follow the rule laid down by this court in *Clausing v. Virginia Lee Homes, Inc.,* 62 Wn.2d 771, 384 P.2d 644 (1963). The trial court found the case of *Holland Co. v. Aitken,* 98 Wash. 107, 167 Pac. 109 (1917) controlling.

This court held in *Holland Co. v. Aitken, supra,* that the statute (now RCW 19.52.030), provides that the plaintiff, in an action upon a usurious note, shall only recover the principal less the amount of interest accruing at the rate contracted for, and if interest be paid, less twice the amount paid and less accrued and unpaid interest, means accrued and unpaid interest up to the time of judgment and not for the full term of the note.

---

effect of his illegally high rates or of his constant attempt to keep borrowers in debt by encouraging renewals, and by making difficult the payment of the principal of the obligation.

The history of usury is condensed in an interesting article by J. L. Bernstein entitled Background of a Gray Area in Law: The Checkered Career of Usury, appearing in 51 A.B.A.J. 846 (1965).

The note in that case provided for interest at the rate of 12 per cent per annum, which was the legal rate then, as now. The defendants had also paid the plaintiff a commission to secure the loan and this commission rendered the note usurious. The plaintiff brought an action on the note before the expiration of the term of the loan. The trial court deducted only the interest which had accrued as of the date of judgment, and the defendants appealed contending that the interest for the whole term should be deducted. This court pointed out that the statute provides only for the deduction of accrued interest, that is, interest due at the time of judgment.

The note in that case was different from the note in this case in that the interest charged was not included in the principal sum. In the case of *Clausing v. Virginia Lee Homes, Inc., supra,* which the defendant contends is in point here, this court held that, where the face amount of the note is greater than the amount loaned, accrued interest "contracted for" includes the difference between the amount loaned and the face amount of the note. This is true, of course, because under the terms of the note, the borrower is obligated from the beginning to pay the face amount of the note. Where the interest is included in the principal sum shown on the face of the note, it accrues when the principal becomes payable, and in this case, as in *Clausing v. Virginia Lee Homes, Inc., supra,* the entire principal becomes due and payable on default.

That case is in accord with our earlier holdings in *Home Sav. & Loan Ass'n v. Sanitary Fish Co.,* 156 Wash. 80, 286 Pac. 76 (1930) and *Libert v. Unfried,* 47 Wash. 186, 91 Pac. 776 (1907).

We agree with the defendant that the trial court should have followed the rule of *Clausing v. Virginia Lee Homes, Inc., supra,* in computing the amount of interest deductible. There was no "rate" of interest contracted for prior to the expiration of the 36-months period. Rather there was a total amount of interest computed in advance and added to the principal loaned as a part of the principal sum due. Consequently, that interest was accrued according to the

terms of the agreement at the time the judgment was entered and had been accrued since the date the note was given. The trial court erred in rewriting the note and ascribing to the parties an agreement which they never made.

■ We are of the opinion that the trial court also erred in refusing to deduct that portion of the principal which represented a "reserve fund." The plaintiff's witness testified that this amount was added to the principal of the note to reimburse the plaintiff in the event it had to pay taxes and/or insurance to protect its collateral. It was true that this amount was refundable under the terms of a collateral agreement (which was not attached to the note), but it was refundable solely at the option of the plaintiff "providing the transaction runs to maturity and provided there is no delinquency in payment."

This reserve fund was listed as a "cost" in an invoice which the defendant was required to sign, and the invoice bore the following agreement by the defendant:

Acceptance of the above invoice is herewith confirmed and agreed to, further Financial Commerce is authorized to proceed in closing the transaction. All costs incurred by Financial Commerce in accordance with the above invoice will be paid even though the loan cannot be closed for any preclusive reason outside the control of Financial Commerce.

Thus it appears that the defendant agreed to pay the amount included in the "reserve fund" even though the loan was not completed. This would be a part of his penalty for not accepting the loan, it seems. The loan incidentally was made in the amount of $4,000 and the "costs" (including interest) amounted to $3,942.92.

At the trial, it was revealed that the interest was computed on the reserve fund as well as on the principal. The plaintiff's witness said this was a mistake, but the trial court found it was done in bad faith. In addition, many of the items included in "costs" were padded.

It is questionable whether, under the terms agreed to by the defendants, the plaintiff would be bound to return to them that portion of the fund which it did not spend on

taxes and insurance. Rather, the refund of any portion of it was optional with the plaintiff, and the plaintiff would not be called upon to exercise that option at all if the defendants defaulted. As a matter of fact, if the agreement on the invoice means what it says, the defendants were obliged to pay the amount of the reserve fund as a penalty if they refused to accept the loan or if it was not completed for some other reason outside the control of the plaintiff. Thus, it would appear that the portion of the principal representing the reserve fund was not merely a reserve for taxes and insurance but was an additional penalty for default.

■ However, we do not think it material that the reserve fund may have been refundable under a collateral agreement. The fact is that it is shown as a part of the principal obligation of the defendants on the face of the note. It has not been suggested that this note was not negotiable. It has all of the attributes as to form. See RCW 62.01.001. If it reached the hands of a holder in due course, could the defendant successfully maintain that a portion of the amount shown on its face was never received by him? RCW 62.01.028 provides for such a defense only as against a person not a holder in due course.

If the plaintiff wished to take precaution against possible loss of the amounts it might have to pay to protect its collateral, it could easily have required the defendants to sign an agreement that any such amounts should be added to the principal, rather than have the defendants sign an unconditional promise to pay a sum which might never inure to their benefit.

■ It is the obligation which shows on the face of the note which is the concern of the court in determining the amount of the penalty. The consequences of a usurious contract cannot be escaped by disclaiming the usurious portion thereof. *Clausing v. Virginia Lee Homes, Inc., supra; Home Sav. & Loan Ass'n v. Sanitary Fish Co., supra.*

The trial court, in disallowing the reserve fund as a part of the interest charged, permitted the plaintiff to succeed in such a disclaimer. This was error.

58

The trial court found that the amount of interest paid by the defendants was $139.88. In computing the amount due the plaintiff, the difference between the face amount of the note, $7,942.46, and the amount actually advanced, $4,277.20, that difference being $3,665.26, should be deducted from the amount actually advanced. Also, the sum of $139.88 should be deducted since the amount of interest actually paid is, under the provisions of the statute, to be deducted twice. Also, the amount of principal paid and the amount which the court found represented taxes which the plaintiff was obliged to pay and did not pay, should be deducted.

The cause is remanded with directions to enter a judgment in conformity with this opinion.

FINLEY, C. J., WEAVER and HALE, JJ., and LANGENBACH, J. Pro Tem., concur.