[No. 4738. Decided December 10, 1903.]

## MARY E. CHURCH CULLEN, *Respondent,* v. ROBERT F. WHITHAM *et al., Appellants.*[1]

APPEAL—REVIEW—FINDINGS ON CONFLICTING EVIDENCE. Where only the two parties testify directly to the facts, and their testimony is in conflict, without much support in the surrounding circumstances for either, the findings of the trial judge, who observed the witnesses, will not be disturbed.

INTEREST—PAYABLE ANNUALLY—NOT COMPOUND. A note providing for the payment of interest annually does not entitle the holder to compound interest or make the accumulated interest a separate debt.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered December 4, 1902, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, decreeing the foreclosure of a mortgage. Modified.

*G. L. Whitman* and *Troy & Falknor,* for appellants.

*J. W. Robinson,* for respondent.

FULLERTON, C. J.—On February 1, 1896, the respondent, Cullen, loaned to the appellants, Whitham, one thousand dollars, taking their promissory note for that sum, payable in three years, with interest at ten per centum per annum, payable annually, together with a mortgage to secure the same upon a certain lot situated in the city of Olympia. This action is to recover upon the debt and foreclose the mortgage. The appellants filed an answer to the complaint, in which they admitted the execution of the note and mortgage, but denied the allegations of nonpayment, and by way of affirmative defense set up an accord and satisfac-

[1]Reported in 74 Pac. 581.

tion, namely: That the holder of the note, in consideration of the payment to her of certain rents due from a lessee of the mortgaged premises, and an conveyance to her of the premises, agreed to surrender to the appellants the promissory note, and cancel the mortgage debt. The answer was put in issue by a reply, and a trial had, resulting in a finding and judgment in favor of the holder of the mortgage.

The principal contention is over the question whether or not the plea of accord and satisfaction was made out. The respondent and the appellant Robert F. Whitham are the only witnesses who testify to the facts directly, and as we read the record their testimony on all of the main facts is in conflict. They agree that the appellants offered the respondent the mortgaged premises and the rents accrued thereon in satisfaction of the mortgage debt; and the appellant Whitham testifies that she accepted the offer by collecting and appropriating to her own use the rents; while the respondent testifies that she did not accept, but on the contrary positively refused to accept the offer, and collected the rents and applied them upon the mortgage debt under an express agreement made with the appellants authorizing her to do so. There is not much in the surrounding circumstances which supports or militates against the contention of either party, and nothing which seems at all convincing. In such a case, a chance to observe the demeanor of the witnesses is of all importance, and as the trial court had an opportunity to do this, which we have not had, its findings on the evidence will not be disturbed.

The remaining contention is that the loan is usurious and subject to the penalties provided by the statute relating to usury in force at the time of its execution. Session Laws, 1895, p. 349, §§ 2, 5. The court found that, inasmuch as the note provided for an annual payment of interest, the

holder was entitled to interest on overdue interest, finding that the amount due upon the note on November 4, 1902, was $1854.70. But whether the note would have been usurious had it so provided, we have not found it necessary to determine, as we are clear that the court was in error in its construction of the terms of the note. To create an obligation to pay compound interest there must be an agreement to pay interest upon interest, otherwise there is no legal obligation on the part of the borrower to do so; it is not enough that the note provides for the annual payment of interest. To agree to pay interest annually does not make the accumulated interest a separate debt in the sense that it will draw interest per force of the statute without any further promise to pay interest thereon; on the contrary, there must be a direct promise to do so before such an obligation arises. The note in question contained no promise or agreement to pay interest upon overdue interest. It was, therefore, a simple interest bearing obligation, and the interest should have been calculated at the rate of ten per centum from date until the entry of judgment.

The judgment appealed from is reversed, and the cause remanded with instructions to enter a judgment for the amount of the principal with interest calculated upon the basis of simple interest at ten per centum per annum; neither party will recover costs in this court.

HADLEY, ANDERS, DUNBAR, and MOUNT, JJ., concur.