[No. 42191.    En Banc.    August 24, 1972.]

*In the Matter of the Petition of the* CITY OF ANACORTES.

THE CITY OF ANACORTES, *Appellant,* v. E. DEMOPOULOS *et al., Respondents.*

*Gordon G. Conger* (of *Preston, Thorgrimson, Starin, Ellis & Holman*), for appellant.

*Schweppe, Doolittle, Krug & Tausend* and *Robert R. Beezer,* for respondents.

NEILL, J.—The City of Anacortes appeals from judgments granting interest on eminent domain compensation awards. Interest was awarded for the period from the date condemnees stipulated to the city's immediate possession of the premises to the date of the judgments. These three actions relating to an urban renewal project were consolidated for trial and appeal.

Following commencement of the actions, the parties filed formal stipulations dated March 18, 1969, which stated:

The Petitioner [city] may immediately take possession of the property and property rights and use the same for the purposes described in the petition on file herein as fully as if judgment and decree of appropriation had been entered herein, without said respondents [condemnees] in any way waiving their right to compensation therefor as provided by law.

. . .

The date of taking of the property and property rights described herein . . . for the purpose of determining just compensation to be paid the respondents for the taking thereof shall be the date hereof. The property shall be valued in the condition in which it exists on the date hereof . . .

On April 30, 1969, pursuant to stipulation in court, judgments and decrees of appropriation were entered awarding respondent property owners the following amounts:

| Parcel | No. | 4-1 | $ 23,500 | (Sherman) |
|--------|-----|------|----------|-------------|
| Parcel | No. | 5-1 | 21,100 | (Wiggins) |
| Parcel | No. | 6-1 | 3,250 | (Wiggins) |
| Parcel | No. | 6-2 | 6,000 | (Wiggins) |
| Parcel | No. | 11-1 | 47,400 | (Demopoulos) |

On the same day, respondents filed motions for continuance under CR 40(e), for new trials under CR 59(a) and CR 59(d), for reopening of the judgments under CR 59(g), and for relief by way of vacation of judgments under CR 60(b)(1), (3), (4), (9) and (11).

On May 1, 1969, the city deposited the full amount of the

judgments into the registry of the court. On August 7, 1969, the motions under CR 40 and CR 59 were denied, as was each motion for relief under CR 60(b)(4). Rulings on the motions for relief under the other subdivisions of CR 60(b) were delayed pending the transcribing of the statement of facts. On December 19, 1969, the motions to vacate the judgments of April 30, 1969, were granted on terms.

A new trial was held in February, 1970, resulting in jury verdicts of

| $25,000.00 | for parcel No. | 4-1 | (Sherman) |
|------------|----------------|-----|-----------|
| 22,155.00 | for parcel No. | 5-1 | (Wiggins) |
| 3,412.50 | for parcel No. | 6-1 | (Wiggins) |
| 6,300.00 | for parcel No. | 6-2 | (Wiggins) |
| 45,360.00 | for parcel No. | 11-1 | (Demopoulos) |

Judgments and decrees of appropriation in accordance with these verdicts were entered on March 9, 1970. The decrees added interest at 6 percent per annum from "the date petitioners took possession" of the premises to "the date of the decree." Following the March 9, 1970, decrees, the city withdrew the difference between the first and second awards as to parcel 11-1. The balance of the funds remained in the registry of the court until withdrawn by respondents.

This appeal raises only the issue of the inclusion of interest on the verdicts. The city contends that (1) there is no evidence that it exercised right to possession prior to April 30, 1969, (2) the stipulations did not provide for payment of interest, and (3) the deposits into the registry of the court tolled any interest from the date of the deposit to the date of the judgments following the February, 1970, trial.

■ The cases are here on agreed statements of facts which, as to possession, only state that the city did not make material improvements on the premises prior to April 30, 1969. There is no finding or agreed fact as to the date the city took possession of the premises. We deem this omission to be immaterial. Under the stipulations, the city was entitled to immediate possession as if a decree of appropriation had been entered on the date of the stipula-

tions. Whether the city did or did not exercise its right to possession as given by the stipulations was its election. The condemnees had contractually given up the right to retain possession pending a decree of appropriation. We agree with the observation of the Supreme Court of Idaho which, after a review of the issue, stated:

The correct rule and the one which is supported by the overwhelming weight of authority, is that the condemnee should be allowed interest upon the compensation and damages awarded from the time the condemnor either takes possession, or becomes entitled to possession, of the property.

*Independent School Dist. v. C.B. Lauch Constr. Co.,* 78 Idaho 485, 493, 305 P.2d 1077 (1957). *Also see Snowden v. Shelby County,* 118 Tenn. 725, 102 S.W. 90 (1907).

Plaintiffs' contention that the stipulations are silent as to interest ignores the fact that it is the right to possession which creates the right to interest. Further, under our statute, RCW 8.28.040, interest on an award in eminent domain runs from the date of entry of the verdict to the date of payment. The statutory rule has been modified by earlier commencement of interest in cases where the condemning agency has taken earlier possession. *See Great Northern Ry. v. Seattle,* 180 Wash. 368, 39 P.2d 999 (1935); *Smithrock Quarry, Inc. v. State,* 60 Wn.2d 387, 374 P.2d 168 (1962). The stipulations that the city's right to use and possession shall be "as if judgment and decree of appropriation had been entered" read in light of the statute as to interest create a contractual obligation that the ultimate award should bear interest from the date of stipulation.

In summary, interest on the awards should commence at the date of entry of verdict (RCW 8.28.040) or at such earlier date that the condemning agency becomes entitled to possession. By virtue of the stipulations, interest commenced on March 18, 1969.

We now turn to the issue of whether the deposits into the registry of the court terminated the running of the interest on the awards.

Under the statute providing for interest on eminent domain awards, *supra*, interest is terminated by payment of the judgment; so the city's payment on May 1, 1969, would terminate the running of interest, but for the later vacation of the judgments.

█ The CR 60(b) motions make no claim that the judgments are void (CR 60(b)(5)), and the record contains no such indication. Thus, we are dealing with valid judgments, the continued viability of which depend upon the ultimate disposition of the motions. By express terms of the rule, a motion "does not affect the finality of a judgment or suspend its operation." *See* 7 J. Moore, *Federal Practice* § 60.29 (2d ed. 1971). Thus, interest would have been tolled during the period such motions were pending. However, when the trial court granted the motions and vacated the judgments of April 30, 1969, those judgments became a nullity and from that date the parties were left as if the judgments had never been entered. *Weber v. Biddle*, 72 Wn.2d 22, 28, 431 P.2d 705 (1967). *See* 46 Am. Jur. 2d *Judgments* § 785, at 947-48.

The general rule that vacation of a judgment leaves the parties as if the judgment had never been entered has reference to the rights of the parties as to the merits of the action and not, insofar as our research discloses, to the narrow issue before us, namely the operative effect of the judgments in light of RCW 8.28.040 during the pendency of the motions. We believe that justice and equity as well as the statute require that the city, having relinquished its funds in accordance with the agreements and judgments, should not bear the burden of interest between May 1, 1969, and the effective date of the vacation of the judgments.

Accordingly, the judgments of the trial court should be modified to include interest at 6 percent per annum from March 18, 1969, to the date of payment of the February, 1970, verdicts. To the extent the previously deposited funds were sufficient to pay such verdicts, interest should terminate on the date of entry of the verdicts. The city is enti-

tled to credit against such interest on the respective amounts of its deposits at 6 percent per annum for the period May 1, 1969, to the date the vacation of the original judgments became effective.

Respondents raise a question in their brief as to their right to interest on the interest portion of the judgments. RCW 8.28.040 expressly provides that interest shall not run pending an appeal. The city shall be liable for interest on the unpaid portion of the judgments only from the time the remittitur goes down to the date of payment.

Remanded for modification of the judgments in accordance herewith.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, WRIGHT, and UTTER, JJ., and COCHRAN, J. Pro Tem., concur.