[No. 6801-0-II. Division Two. November 23, 1983.]

CONSOLIDATED DIKING IMPROVEMENT DISTRICT No. 3, ET AL, *Appellants,* v. ROSS E. DAVIS, ET AL, *Respondents.*

*Barry J. Dahl,* for appellants.

*Robert E. Stead* and *Alan L. Engstrom,* for respondents.

WORSWICK, J.—*In re Anacortes,* 81 Wn.2d 166, 500 P.2d 546 (1972) held that interest on a condemnation award runs from the date the condemning agency by agreement becomes entitled to possession, if that date is before the date a compensation verdict is rendered. Does that holding apply where the compensation award was made by a jury and the jury was instructed, *without objection by the condemning agency,* that value was to be measured as of the date of trial? Consolidated Diking Improvement District 3, contending that interest should run from the date of verdict only, appeals a ruling by the Cowlitz County Superior Court that the *Anacortes* holding does apply and that interest runs from the date the District was entitled to possession. We affirm.

The eruption of Mount St. Helens on May 18, 1980, caused mud and ash to flow into the Cowlitz River basin between the Toutle and Columbia Rivers. As a result, it was necessary for the District, a subdivision of Cowlitz County, to build a dike along the Cowlitz River to provide flood protection for adjacent lands. On October 27, 1980, respondents Ross Davis and Sarah Jane Davis granted the District a right to enter their land in Kelso to construct a dike at any time within a period of 6 months. The consideration was the "total compensation" to be determined by "subsequent agreement" between Mr. and Mrs. Davis and the District or by judicial proceedings. The agreement did not mention interest, nor did it mention a valuation date for purposes of a potential condemnation action. Because the parties were unable to reach agreement on compensation, the District on June 19, 1981, filed a condemnation action.

In due course, the compensation issue was tried to a jury which, on October 22, 1982, determined just compensation to be $16,500. The trial court entered judgment essentially

awarding interest at 6 percent per annum on $16,500 from October 27, 1980, with adjustments which took into account interim deposits with the clerk by the District. We granted accelerated review of the appeal because the District convinced us that the issue has important bearing on other pending cases.

*In re Anacortes, supra,* stands for the black letter rule that interest on an award of just compensation runs from entry of the verdict or from date of possession or right to possession, whichever comes first. The *Anacortes* rule was nothing more than a logical extension of earlier holdings that interest runs from the date of taking. *See, e.g., Smithrock Quarry, Inc. v. State,* 60 Wn.2d 387, 374 P.2d 168 (1962). That the October 27, 1980, agreement effectively gave the District the right to possession is, in our view, beyond reasonable dispute.

The District attempts to distinguish *Anacortes* by pointing out that the parties there had stipulated that the possession date would also be the valuation date. It attempts to distinguish *Smithrock* and similar cases by contending that the trial court here instructed the jury that the "date of taking" was the date of trial. We are not persuaded.

A stipulation was present in *Anacortes,* as the District contends, but we have searched the opinion for any suggestion that this was of any significance to the holding. We found no such suggestion.

The trial court in this case did not instruct the jury as the District claims. Both parties asked for WPI 150.06. The trial court gave it, as instruction 4:

"Just compensation" is the difference between the fair market value of the entire property before the acquisition and the fair market value of the remainder after the acquisition, measured as of the date of trial.

In determining just compensation you shall consider the fair market value of the property rights acquired, and in addition thereto, any damages caused by such acquisition to the remainder of the property.

The instruction deals only with date of valuation, not tak-

ing.

■ The District's position has some appeal because it is logical to argue that valuation should be made as of the date of taking. Indeed, there is authority for this proposition. *See* 4 J. Sackman, *Nichols on Eminent Domain* § 12.23 (3d rev. ed. 1981). Accepting this proposition, and coupling it with the general rule stated in *State v. Williams,* 68 Wn.2d 946, 416 P.2d 350 (1966), that valuation is to be determined as of the date of trial, leads with superficial logic to the conclusion that the date of trial is also the date of taking. However, this logic crumbles under more careful scrutiny for two reasons. First, *State v. Williams* represents only a general rule. Our Supreme Court has recognized that circumstances of a given case may require an earlier valuation date. *Lange v. State,* 86 Wn.2d 585, 547 P.2d 282 (1976). Second, there is no reason why valuation date and interest date must always be the same. Valuation is the process by which the principal amount to be paid is determined. Interest is compensation for delay in payment of that principal; it runs from the date the property rights are taken. *State v. Hallauer,* 28 Wn. App. 453, 624 P.2d 736 (1981).

In this case, the District could have asked the trial court to instruct the jury that valuation was to be made as of the date of the Right of Entry Agreement. It did not. It therefore voluntarily elected to have valuation made as of trial, and waived the right to have it made as of the earlier date. *See State v. Hallauer, supra.* That voluntary election should not deprive the Davises of interest from the time their rights were taken.

Respondents are entitled to attorney's fees, *Renton v. Scott Pac. Terminal, Inc.,* 9 Wn. App. 364, 512 P.2d 1137 (1973), and have complied with RAP 18.1. We award them attorney's fees on appeal of $1,080.

Affirmed.

PETRICH, C.J., and PETRIE, J., concur.