[No. 14186-4-I.   Division One.   May 19, 1986.]

XEBEK, INC., *Respondent,* v. NICKUM & SPAULDING ASSOCIATES, INC., ET AL, *Appellants,* L. E. BRONSON, *Respondent.*

*Seth Warner Morrison III* and *Oles, Morrison, Rinker, Stanislaw & Ashbaugh,* for appellant Nickum & Spaulding.

*Carl Jerome Carlson,* for appellant Robert E. Derecktor of Rhode Island.

*Paul Elliot Sikora* and *Diamond & Sylvester,* for respondent Xebek.

*Lawrence Ronald Besk* and *Mussehl, Rosenberg, Grieff, Mussehl & Cotter,* for respondent Bronson.

REVELLE, J.*—Robert E. Derecktor of Rhode Island, Inc. (REDRI) appeals the judgment entered against it flowing from contracts entered into by REDRI, Nickum and Spaulding Associates, Inc. (N & SA), L. E. Bronson and Xebek, Inc., to enable REDRI to construct nine vessels for the United States Coast Guard. REDRI assigns error to 18 of the court's 25 findings of fact and to the court's award of

---

*Judge George H. Revelle is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

compound interest to N & SA and Xebek at the statutory rate. N & SA, Bronson, and Xebek all cross–appeal. N & SA alleges that the court erred in denying its costs, attorney's fees and compound interest at the contract rate. Bronson alleges that the court erred in refusing his request for attorney's fees and in refusing to allow him to amend the pleadings to include the issue of tortious interference by REDRI with his contract with N & SA. Xebek alleges that the court erred in dismissing its claim against N & SA and in refusing to award it compound interest at the contract rate. We affirm.

■ All issues, except those concerning compound interest, are factual. An appellate court will not substitute its judgment for that of the trial court if the trial court's findings of fact are supported by substantial evidence. "Substantial evidence is evidence in sufficient quantum to persuade a fair–minded person of the truth of the declared premise." *Ridgeview Properties v. Starbuck,* 96 Wn.2d 716, 719, 638 P.2d 1231 (1982). Even where the evidence conflicts, a reviewing court must determine only whether the evidence most favorable to the prevailing party supports the challenged findings. *North Pac. Plywood, Inc. v. Access Road Builders, Inc.,* 29 Wn. App. 228, 232, 628 P.2d 482 (1981). Here, the findings are supported by substantial evidence, and the legal conclusions followed logically from the factual determinations made. We need only discuss the question of compound interest.

The contracts at issue provide for interest to accrue on past due sums at the rate of 1½ percent per month. The trial court denied the requests of N & SA and Xebek that they be awarded prejudgment interest of 1½ percent compounded monthly. However, the court awarded interest at 18 percent per annum to the date of the judgment and specifically included in the judgment 18 percent post–judgment per annum interest upon the judgment amount of principal and interest. REDRI argues that the judgment should only bear interest on the principal at the statutory rate.

██ The law does not favor compound interest. *Goodwin v. Northwestern Mut. Life Ins. Co.,* 196 Wash. 391, 402–03, 83 P.2d 231 (1938). In the absence of an express agreement to pay interest upon installments of interest not paid when due, interest should not be compounded. *Goodwin,* at 406.

The agreement between N & SA and REDRI provides:

Payment shall be made within thirty (30) days after receipt of billing by REDRI. Late charges of 1½ % per month shall be applied to all billings which have not been paid within thirty (30) days after receipt. REDRI has the right to retain amounts of billings, including fee [*sic*] on such amounts, represented in disapprovals by the Coast Guard resulting from N&SA errors or omissions until satisfaction (approval).

The contract between Xebek and N & SA provides:

Contractor will submit invoices twice monthly for services rendered under this Agreement. The terms of payment are net thirty (30) days, or a 1–1/2 percent per month late charge will become effective. . . .

Under the standard set forth in *Goodwin,* this language is not explicit enough so as to warrant an award of compound interest.

██ Regarding post–judgment interest, RCW 4.56.110 provides in part:

Interest on judgments shall accrue as follows:

(1) Judgments founded on written contracts, providing for the payment of interest until paid at a specified rate, shall bear interest at the rate specified in the contracts: *Provided,* That said interest rate is set forth in the judgment.

(2) Except as provided under subsection (1) of this section, judgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52-.020 on the date of entry thereof: . . .

The judgment sets forth the contract rate of 18 percent interest upon the principal and interest accrued to the date of judgment. This follows the language of RCW 4.56.110, which effectively mandates post–judgment interest upon interest included in the judgment.

744

We affirm.

GROSSE and WEBSTER, JJ., concur.