[No. 8486–8–III.   Division Three.   February 23, 1988.]

ROBERT E. CARUSO, *Respondent,* v. LOCAL UNION No. 690
OF INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS
OF AMERICA, *Appellant.*

*Richard Robblee* and *Hafer, Price, Rinehart & Schwerin,* for appellant.

*Patrick Downey,* for respondent.

McINTURFF, C.J.—Local Union 690, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, appeals a superior court order that interest on a judgment previously entered against the Union be compounded annually. We reverse.

On March 13, 1985, the superior court entered an amended judgment awarding Robert Caruso $244,000 damages, plus $201.29 attorney fees, "together with interest on said amount at 12.48% per annum from this date until fully satisfied." The defendant Union appealed directly to the Supreme Court, and the judgment was affirmed. On remand, the superior court on March 16, 1987, ordered that interest on the judgment be compounded annually.

The Union contends this was error; under RCW 4.56.110 and 19.52.020, post–judgment interest is simple rather than compound interest. We agree.

█ In Washington, compound interest is never implied— it is permitted only by express language in a statute or an agreement. "To create an obligation to pay compound interest there must be an agreement to pay interest upon interest . . .; it is not enough that the note provides for the annual payment of interest." *Goodwin v. Northwestern Mut. Life Ins. Co.,* 196 Wash. 391, 404, 83 P.2d 231 (1938) (quoting *Cullen v. Whitham,* 33 Wash. 366, 368, 74 P. 581 (1903)); *Xebek, Inc. v. Nickum & Spaulding Assocs.,* 43 Wn. App. 740, 743, 718 P.2d 851 (1986).

The pertinent statutes provide:

4.56.110 Interest on judgments. Interest on judgments shall accrue as follows:

. . .

(2) Except as provided under subsection (1) of this section [judgments on written contracts specifying an interest rate], judgments shall bear interest from the date

of entry at the maximum rate permitted under RCW 19.52.020 on the date of entry thereof: . . .

19.52.020 Highest rate permissible—Setup charges. (1) Any rate of interest shall be legal so long as the rate of interest does not exceed the higher of: (a) Twelve percent per annum; or (b) four percentage points above the equivalent coupon issue yield . . . of the average bill rate for twenty–six week treasury bills . . .

The question in *Xebek* was whether post–judgment interest could be compounded where the underlying contracts of the parties provided for late charges of 1½ percent per month. The court held that simple interest at 18 percent per annum was the proper post–judgment rate. *Xebek,* at 743.

Several jurisdictions have addressed the question of whether their particular statutes permit compound interest on judgments and have answered "no". *See Lewis v. Stran–Steel Corp.,* 58 Ill. App. 3d 280, 373 N.E.2d 714, 716 (1978) and *Schwartz v. Piper Aircraft Corp.,* 90 Mich. App. 324, 282 N.W.2d 306, 309 (statutes provided judgment shall draw interest at a specified rate per annum), *appeal denied,* 407 Mich. 892 (1979). *See also Alyeska Pipeline Serv. Co. v. Anderson,* 669 P.2d 956 (Alaska 1983).

*Schwartz v. Piper Aircraft Corp., supra,* pointed out that its statute permitted interest on *judgments* and interest which accrues *on* a judgment is not part *of* the judgment. *Schwartz,* 282 N.W.2d at 309. This latter analysis is in harmony with *Xebek* in which the court specifically noted that the entire judgment, including prejudgment interest, accrued post–judgment interest calculated as simple interest.

■ Here, both RCW 4.56.110 and 19.52.020 are silent on the issue of compounding. Those statutes provide a *rate* of interest; they do not speak to the *manner* in which that rate is applied to the principle. Unless a statute specifically provides for the compounding of interest, there is no authority for its application. *Goodwin v. Northwestern Mut. Life Ins. Co., supra.* Since the statutes here do not expressly permit compounding and the court cannot imply

it, only simple interest is allowed. Mr. Caruso's argument that compound interest is a "modern banking practice" is not persuasive. While compound interest is used in many consumer transactions, presumably that use has been expressly provided for in the underlying bankcard agreement or other contract between the parties.

The superior court's order compounding interest is reversed.

GREEN and MUNSON, JJ., concur.