[No. 42787-3-I. Division One. July 19, 1999.]

SINTRA, INC., ET AL., *Appellants*, v. THE CITY OF SEATTLE, ET AL., *Respondents*.

*Eric Rolf Stahlfeld,* for appellants.

*Mark H. Sidran, City Attorney,* and *Robert C. Williams, Assistant,* for respondents.

BECKER, J. — This is the third appeal in a lawsuit arising from the City of Seattle's enforcement of its former Housing Preservation Ordinance against developer Sintra, Inc. The background facts can be found in *Sintra, Inc. v. City of Seattle* (*Sintra* I), 119 Wn.2d 1, 829 P.2d 765 (1992), and *Sintra, Inc. v. City of Seattle* (*Sintra* II), 131 Wn.2d 640, 935 P.2d 555 (1997). In this appeal from a revised judgment entered in 1998, we remand for a correction. The trial court should have awarded postjudgment interest accruing from the date of the original judgment in 1994, rather than from the date of the revised judgment in 1998, on two components of the original judgment that were affirmed on review in *Sintra* II.

In *Sintra* I, the Supreme Court reversed a summary judgment that had been entered in favor of the City. After a trial, a jury rendered a verdict for Sintra on an inverse condemnation claim. The judgment entered in July 1994, had four principal components. The first was $47,809, the jury's compensation award for a temporary taking by the City that ended in 1987. The second was $60,918.73 for prejudgment interest on the taking award, calculated at 12 percent compound interest during the period from 1987 to the date of judgment in 1994. This component was awarded as an additional element of just compensation to make up for the delay in payment from 1987 to 1994. The third was an award of attorney's fees. The fourth was an award of $35,584.20 in costs. The court awarded attorney's fees and costs to Sintra under RCW 8.25.075 for the takings claim. The trial court also used 42 U.S.C. § 1988 as a basis for the award of fees and costs because Sintra was a prevailing party on its civil rights claim of a substantive due process violation, even though the award of damages on that claim was nominal.

The City decided not to appeal from the compensation award, and paid the full amount of that award, $47,809, into the registry of the court. The City did appeal from the awards of interest, attorney's fees and costs, and did not pay any money into the registry in 1994 for those components of the judgment.

The Supreme Court in *Sintra* II affirmed the award of interest as part of the required just compensation, but found error in the award of compound versus simple interest. The court reversed and remanded for the trial court to determine the proper interest award. *Sintra* II, 131 Wn.2d at 661. The court further held that Sintra was not entitled to attorney's fees based on the civil rights claim because the damages awarded were nominal. The court reversed the award of attorney's fees under 42 U.S.C. § 1988 and remanded for a redetermination of attorney's fees for the portion of the case that constituted the State takings claim. *Sintra* II, 131 Wn.2d at 666. The court did not mention costs as an item to be addressed on remand.

The parties returned to the trial court. The court entered a revised judgment in April, 1998. The compensation award remained the same: $47,809. Prejudgment interest on the compensation award was reduced to $40,159.56, reflecting the calculation of simple rather than compound interest. The trial court determined that the elimination of 42 U.S.C. § 1988 as a basis for the award of attorney's fees did not require a reduction in the amount of fees awarded in 1994. The award of costs also remained the same: $35,584.20. The trial court awarded additional fees and costs incurred after the remand.

The trial court denied Sintra's request for postjudgment interest dating back to 1994 on the interest and cost components of the 1994 judgment. The court instead ordered that postjudgment interest would accrue on all components of the revised judgment from its date of entry in April, 1998. The City paid into the registry of the court all of the unpaid components of the revised judgment. Meanwhile, Sintra asked the court to reconsider the issue of postjudgment interest between 1994 and 1998. In a letter ruling on May 7, 1998, the trial court declined to make any further modification of the judgment. Sintra has timely appealed from that ruling.

Had there not been an appeal from the 1994 judgment, postjudgment interest on all unpaid components of that

judgment would have begun to accrue immediately, as in the case of any judgment. At issue here is whether the appeal in *Sintra* II prevented the accrual of interest beginning in 1994 on the awards of prejudgment interest and costs.

 It is the trial court's responsibility to enter an award of interest that complies with the applicable statute. *Safeco Ins. Co. of Am. v. JMG Restaurants, Inc.*, 37 Wn. App. 1, 23, 680 P.2d 409 (1984). The issues presented in this case are entirely issues of law because they involve the application of statutes to a specific set of facts. Review is therefore de novo. *State v. Rodman*, 94 Wn. App. 930, 973 P.2d 1095 (1999).

### INTEREST ON PREJUDGMENT INTEREST

██ The constitutional mandate for payment of just compensation after private property is taken for public use requires that the property owner be put in the same position monetarily as the owner would have occupied had the property not been taken. *Sintra* II, 131 Wn.2d at 655. *Sintra* II upheld the trial court's 1994 determination that just compensation for Sintra included prejudgment interest on the award for the temporary taking from the time it ended in 1987 to the entry of judgment in 1994. The City argues that the trial court correctly suspended the accrual of post-judgment interest on the 1994 award of prejudgment interest during the four years that the appeal in *Sintra* II was pending. The City first relies on the interest suspension proviso in RCW 8.28.040, the statute that sets forth rules for interest in eminent domain proceedings:

> Whenever in any eminent domain proceeding, heretofore or hereafter instituted for the taking or damaging of private property, a verdict shall have been returned by the jury, or by the court if the case be tried without a jury, fixing the amount to be paid as compensation for the property so to be taken or damaged, such verdict shall bear interest at the maximum rate of interest permitted at that time under RCW 19.52.020 from the date of its entry to the date of payment thereof:

PROVIDED, That the running of such interest shall be suspended, and such interest shall not accrue, for any period of time during which the entry of final judgment in such proceeding shall have been delayed solely by the pendency of an appeal taken in such proceeding.

The literal terms of the statute favor the City. But as the Supreme Court clarified in *State v. Lacey*, 84 Wn.2d 33, 37-38, 524 P.2d 1351 (1974), the proviso is a special rule with limited applicability. It presumes that the owner continues in the beneficial use of the property during the pendency of the appeal. Interpreted in light of the constitutional guarantee of just compensation, the proviso in RCW cannot suspend accrual of interest during the pendency of an appeal when the owner enjoys no beneficial use of the property and has nothing to substitute for it.

Sintra's just compensation included $47,809 for the City's temporary taking of Sintra's property up to 1987. As Sintra recognizes, no interest accrued on that component of the 1994 judgment because the City immediately paid $47,809 into the court registry. But Sintra's just compensation also included interest for the delay in payment between 1987 and 1994, a component that remained unpaid until 1998. During the interim, Sintra had no substitute for the property value represented by the interest component. Therefore, the special interest suspension rule in RCW 8.28.040 does not apply.

The City turns next to the rules for interest on judgments in general, and particularly to the statute providing that postjudgment interest accrues from the time of the original judgment only on portions that are wholly or partly "affirmed on review":

Except as provided under subsections (1) and (2) of this section, judgments shall bear interest from the date of entry at the maximum rate permitted under RCW 19.52.020 on the date of entry thereof: PROVIDED, That in any case where a court is directed on review to enter judgment on a verdict or in any case where a judgment entered on a verdict is wholly or partly affirmed on review, interest on the judgment or on that

portion of the judgment affirmed shall date back to and shall accrue from the date the verdict was rendered.

RCW 4.56.110(3). The City contends that interest on the prejudgment interest component cannot date back to 1994 because the Supreme Court did not affirm the prejudgment interest award in *Sintra* II.

 While awards reversed on review ordinarily do not bear interest, there is an exception to this rule where the appellate court, in reversing, merely modifies the trial court award and the only action necessary in the trial court is compliance with the mandate. *Fisher Properties, Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 373-74, 798 P.2d 799 (1990). Where an appellate court leaves the trial court on remand with a mere mathematical problem mandated by the appellate court, interest runs from the date of the original judgment. *Yarno v. Hedlund Box & Lumber Co. (Yarno II)*, 135 Wash. 406, 408-09, 237 P. 1002 (1925). In *Sintra* II, the Supreme Court found no error in the trial court's decision to include interest as an element of just compensation. The court did reverse and remand to determine the amount of the award at simple rather than compound interest, but this direction did not require new fact finding or the exercise of discretion by the trial court. The only action necessary was compliance with the mandate to calculate simple interest on the compensation award of $47,809 over a fixed period of time. The calculation of simple interest was merely a mathematical problem. *See Sintra* II, 131 Wn.2d at 663 n.17.

Accordingly, interest on the prejudgment interest component of the revised judgment dates back to and accrues from the date the original verdict was rendered in July 1994 until the date the revised judgment was entered in April, 1998. The appropriate calculation, at 12 percent simple interest, is ($40,159.56 × 12 percent) × (approximately) 3.75 years = $18,071.80.

## INTEREST ON COSTS

*Sintra* II reversed the award of attorney fees under 42

U.S.C § 1988 in the 1994 judgment and remanded for the trial court to determine attorney fees attributable to the portion of the case that constituted the taking claim. *Sintra* II, 131 Wn.2d at 666. Because there was no reversal or remand explicitly addressing the award of costs, Sintra contends the cost award was "affirmed on review" for purposes of RCW 4.56.110(3) and bears interest dating back to 1994. The City responds that the remand for redetermination of attorney's fees necessarily included a remand for a redetermination of costs.

*Sintra* II did not alter Sintra's status as a prevailing party in the civil rights claim. A court in its discretion may award a prevailing party "a reasonable attorney's fee *as part of the costs.*" 42 U.S.C. § 1988 (emphasis added.) *Sintra* II held that when a prevailing party receives only nominal damages, it is unreasonable to include an award of attorney's fees in the award of costs. *Sintra* II, 131 Wn.2d at 665-66. The court did not hold that it is unreasonable to award all costs, and did not imply the necessity of redetermining costs.

From the Court's silence on the issue of costs, we conclude that the 1994 award of costs was affirmed on review. Sintra is entitled to postjudgment interest on the costs award for the period of time that the award was on appeal and remained unpaid. The proper calculation is ($35,584.20 × 12 percent) × (approximately) 3.75 years = $16,012.89.

The 1998 revised judgment is remanded for correction in accordance with this opinion. The trial court is directed to add a total of $34,084.69 ($18,071.80 + $16,012.89) for postjudgment interest accrued on the interest element of compensation and the cost award during the 45 months between the original judgment and the revised judgment. In view of the City's payment of all principal amounts into the registry of the court in April, 1998, no further interest has accrued or will accrue.

Sintra is entitled to an award of reasonable attorney fees for this appeal. *See Sintra* II, 131 Wn.2d at 668.

KENNEDY, C.J., and APPELWICK, J., concur.

Review denied at 140 Wn.2d 1021 (2000).