# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| MAURICE LACOMBE, | No.  48992-9-II |
| Respondent, | |
| v. | |
| FRANCES DU JU, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Frances Du Ju appeals a final judgment for unpaid rent to Maurice Lacombe, an order awarding Lacombe attorney fees and costs, and an order granting Lacombe a writ of restitution to restore possession of the premises arising from an unlawful detainer action under RCW 59.18.380.  We hold that (1) Ju did not raise any genuine issues of material fact affecting Lacombe's right to possession or her claims for damages at the show cause hearing and, thus, Ju did not have the right to a jury trial; (2) the court did not violate CR 52(c) or CR 54(f)(2); (3) because Ju admitted owing the unpaid rent, the court properly calculated damages, entered judgment, and denied her motion to reconsider and her motion to alter or amend the judgment under CR 59; and (4) the court did not abuse its discretion in awarding Lacombe attorney fees and costs.  Thus, we affirm, but decline to award Lacombe appellate costs based on his failure to comply with RAP 18.1.

FACTS

Ju rented a room from Lacombe via an online service in a house owned by a third party. Ju agreed to rent the room for $39 per day for one month and moved in on October 8, 2015. On October 27, Ju requested to extend her stay for an undermined amount of time, and asked that she could pay the same daily rate each evening for the previous day directly to Lacombe, rather than extend her reservation through the online service. Lacombe agreed. Ju did not pay rent for February or March, but she continued to live on the premises.

On March 12, 2016, Lacombe served Ju with a pay-or-vacate notice. When Ju did not pay or vacate, Lacombe served Ju on April 7 with an eviction summons, complaint for unlawful detainer under RCW 59.12.030, and a motion for an order to show cause regarding a writ of restitution. Lacombe requested $2,925 in back rent, and an award of $800 in attorney fees, plus costs. Ju, acting pro se, filed an answer and asserted affirmative defenses, including denying rent was due because she had not checked out of the premises and the agreement stated that she would pay at check out. Ju also requested a jury trial in the caption of her answer.

At the show cause hearing on April 15, the superior court heard testimony from both parties. The court found Ju to be in wrongful possession of the premises and granted Lacombe's request for entry of a judgment for unpaid rent in the amount of $2,925, plus statutory interest. The court also awarded Lacombe $800 in attorney fees and $250 in costs, and entered a writ of restitution restoring possession of the premises to Lacombe. Ju then vacated the premises. Ju filed a motion to reconsider and a motion to amend or alter the judgment under CR 59. The superior court denied the motions. Ju appeals.

ANALYSIS

I. Unlawful Detainer

Ju argues that the superior court deprived her of a right to a jury trial, by transforming a show cause hearing under an unlawful detainer action into a bench trial, violating her due process and equal protection rights.[1] We disagree. Ju misunderstands the nature of the proceedings in a show cause hearing.

This action for unlawful detainer arises under chapter 59.18 RCW, the Residential Landlord-Tenant Act of 1973. *Leda v. Whisnand*, 150 Wn. App. 69, 77, 207 P.3d 468 (2009). It is well established that unlawful detainer actions under chapter 59.18 RCW are

> special statutory proceedings with the limited purpose of hastening recovery of possession of rental property, and the superior court's jurisdiction in such action is limited to the primary issue of the right of possession, plus incidental issues such as restitution and rent, or damages. Any issue not incident to the right of possession within the specific terms of RCW 59.18 must be raised in an ordinary civil action.

*Phillips v. Hardwick*, 29 Wn. App. 382, 386, 628 P.2d 506 (1981).

---

[1] Ju makes several other conclusory arguments unsupported by analysis or authority. She argues that the court (1) made rulings unsupported by facts, the federal and state constitutions, statutes, and case law; (2) made unjustified rulings that affected her substantial rights; (3) was biased against her; and (4) ordered a judgment that was unfair and excessive. Ju also asserts that (5) she outlined her legal grounds to the court, and (6) Lacombe's action placed her in great risk of harm and damages. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2013). Thus, we do not consider these arguments.

Ju also asserts in her reply brief that this court should sanction Lacombe for ghostwriting his response brief, ex-parte communications, uncivilized offenses, and contempt of court. A reply brief is "limited to a response to the issues in the brief to which [it] is directed." RAP 10.3(c). Ju's arguments in her reply brief violate RAP 10.3(c), thus, we do not consider them.

Summary proceedings in a show cause hearing do not violate a tenant's right to due process. *Carlstrom v. Hanline*, 98 Wn. App. 780, 790, 990 P.2d 980 (2000). A right to a jury trial exists in an ordinary civil action. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 21.

In a show cause proceeding under RCW 59.18.380, the superior court conducts an evidentiary hearing on the landlord's motion for a writ of restitution to return possession of the premises to the landlord. RCW 59.18.380.[2] At the proceeding, the tenant is entitled to answer and may assert any legal or equitable defenses arising out of the tenancy; the court considers testimony and must examine the witnesses. RCW 59.18.380; *Whisnand*, 150 Wn. App. at 80. If the court finds that the landlord has the right to repossess the property, it will enter an order directing issuance of the writ. RCW 59.18.380. If the court finds that the landlord does not have the right to repossess the property, it will enter an order directing the parties to proceed to trial. RCW 59.18.380. The prevailing party in an unlawful detainer action may recover his or her costs and reasonable attorney fees under RCW 59.18.290(2).

---

[2] RCW 59.18.380 provides in relevant part:

> At the time and place fixed for the hearing of plaintiff's motion for a writ of restitution, the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy. If the answer is oral the substance thereof shall be endorsed on the complaint by the court. The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution . . . .

> If it appears to the court that the plaintiff should not be restored to possession of the property, the court shall deny plaintiff's motion for a writ of restitution and enter an order directing the parties to proceed to trial within thirty days on the complaint and answer.

Under RCW 59.18.380, "it is undisputed that a defendant at such a hearing is not entitled to a full trial." *Whisnand*, 150 Wn. App. at 81. Rather, the statute refers to the hearing on the motion for a writ and provides that the court shall ascertain the merits of the complaint and answer, and that the court shall either deny the motion or order the issuance of the writ. RCW 59.18.380. If there are genuine issues of material fact regarding possession or defenses raised by the tenant, the court sets the matter for trial. RCW 59.18.380; *see* RCW 59.12.130.[3]

Here, Ju admitted at the show cause hearing that she had stopped paying rent. The court found that she had not paid rent through the date of the hearing and she owed Lacombe back rent in the amount of $2,925. Ju failed to present any issue of material fact regarding possession or her damages at the show cause hearing. And although she assigns error to the court's findings of fact and conclusions of law, she failed to provide argument or authority to challenge them. Thus, the findings and conclusions are verities on appeal. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 819, 828 P.2d 549 (1992). Because there were no genuine issues of material fact related to Lacombe's right of possession or to Ju's claims for damages, and the court's findings and conclusions are verities, Ju was not entitled to a jury trial. Because she did not prevail at the show cause hearing, Ju was not entitled to a jury trial. And the summary nature of the show cause proceeding does not violate Ju's due process rights. *Carlstrom*, 98 Wn. App. at 790. Thus, the trial court properly denied her relief.[4] We hold that the trial court did not err and her claims fail.

---

[3] RCW 59.12.130 provides, "Whenever an issue of fact is presented by the pleadings it must be tried by a jury, unless such a jury be waived as in other cases."

[4] Ju argued to the trial court that she was entitled to $133,621.32 in damages under the economic loss rule under contract law, benefit-of-the-bargain measure of damages under tort law, and under the Consumer Protection Act, chapter 19.86 RCW.

## II. COMPLIANCE WITH CR 52(c) AND CR 54(f)(2)

Ju also argues that the trial court violated CR 52(c) and CR 54(f)(2) by issuing findings of fact that did not reflect Ju's contentions, and conclusions of law that did not state any statutes, case law, or court rules. She also asserts that she did not receive five days' notice of the proposed findings of fact and conclusions of law as required under CR 52(c) and CR 54(f)(2). We disagree.

CR 52(c) provides, in relevant part:

Unless an emergency is shown to exist, or a party has failed to appear at a hearing or trial, the court shall not sign findings of fact or conclusions of law until the defeated party or parties have received 5 days' notice of the time and place of the submission, and have been served with copies of the proposed findings and conclusions.

CR 54(f)(2) provides, in relevant part:

No order or judgment shall be signed or entered until opposing counsel have been given 5 days' notice of presentation and served with a copy of the proposed order or judgment *unless:*

. . . .

*(c) After Verdict, etc. If presentation is made after entry of verdict or findings and while opposing counsel is in open court.*

(Emphasis added).

Ju's claims fail under a reading of the plain language of the rules. Although the record does not reflect that Ju was served with Lacombe's proposed findings of fact and conclusions of law; they were identical to the content of Lacombe's complaint for unlawful detainer that was filed and served on Ju on April 7. Ju was also present during the April 15 show cause hearing and the court entered the findings of fact, conclusions of law, and the orders at the conclusion of the hearing as required under CR 54(f)(2)(C). Therefore, we hold that the court did not err. Because the court did not err, Ju was not entitled to relief under CR 59. Accordingly, we hold her claims fail.

6

### III. ATTORNEY FEES AND COSTS

Ju next argues that the trial court erred by awarding Lacombe attorney fees above $200, citing RCW 4.84.080.[5] We disagree. RCW 59.18.290(2) controls and provides that "the prevailing party [in an unlawful detainer action regarding a holdover tenant] may recover his or her costs of suit . . . and reasonable attorney's fees." *Faciszewski v. Brown*, 187 Wn.2d 308, 324, 386 P.3d 711 (2016). For actions in damages less than $10,000, reasonable attorney fees are determined by the superior court. RCW 4.84.250.[6] Thus, we hold there was no error, and Ju's claim fails.

### IV. APPELLATE COSTS

Lacombe requests "further compensation of $500 . . . in time and material for the cost of defending his position." Br. of Resp't at 16. RAP 18.1 provides that if an applicable law grants a party the right to recover reasonable attorney fees or expenses on appeal, the party must devote a section of its opening brief to the attorney fees and costs request. RAP 18.1(a), (b). Lacombe failed to include a separate section in his brief requesting an award of costs and failed to cite to

---

[5] RCW 4.84.080 provides,

> When allowed to either party, costs to be called the attorney fee, shall be as follows:
> (1) In all actions where judgment is rendered, two hundred dollars.

[6] RCW 4.84.250 provides,

> Notwithstanding any other provisions of chapter 4.84 RCW and RCW 12.20.060, in any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is [ten thousand] dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.

any authority as to why he is entitled to costs. Accordingly, we deny his request for an award of appellate costs.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, C.J.

MELNICK, J.